<div style="margin-right:0;text-align:right">UTICA,<br>July, 1836.<br>Lynde<br>v.<br>Montgomery.</div>

---

<div align="center">LYNDE vs. MONTGOMERY.</div>

An *attachment* issued by a justice against a debtor, keeping himself concealed to avoid the service of process, is not supported by an affidavit that he keeps himself concealed to avoid the service of a warrant issued under the fourth section of the act to *abolish imprisonment*, &c., unless it *affirmatively appear* that he was charged only with *an intent to commit a fraud*, or with *fraudulently contracting the debt;* unless it so appear, as the process *may* be *criminal*, it consequently is not shown that he concealed himself to avoid the service of *civil* process.

ERROR from the Cortland common pleas. Lynde sued out an *attachment* against Montgomery from a justice's court, on the ground that Montgomery kept himself concealed to avoid the service of process. The *affidavit* upon which the attachment issued, after setting forth the indebtedness of Montgomery, stated that the applicant for the attachment took out a warrant, under the third section of the act to abolish imprisonment for debt and to punish fraudulent debtors, passed April 26, 1831, and that he, with the sheriff of the county, went to the place of residence of Montgomery, to arrest him on the warrant, and that Montgomery kept himself concealed to avoid service of the process. On this affidavit, the justice issued the attachment which was served, and subsequently

judgment was rendered in favor of Lynde against Montgomery. The common pleas of Cortland, on *certiorari*, reversed the justice's judgment, and the plaintiff sued out a writ of error.

*A. Donnelly*, for plaintiff in error.

*J. Thomas*, for defendant in error.

*By the Court*, SAVAGE, C. J. To justify the issuing an attachment in this case, the plaintiff should have proved that the defendant kept himself concealed with the intent to avoid the service of *civil process*. 2 *R. S.* 230, § 26. The question, therefore, is whether the warrant upon which an attempt was made to arrest the defendant, and to avoid which arrest he kept himself concealed, was *civil* or *criminal process*. It is argued in support of the judgment of the common pleas, that one object of the statute is to punish fraudulent debtors; that the warrant issues in the name of the people of the state; that the person arrested is to be examined, and if found guilty is to be committed to jail—and when committed, is to remain in custody in the same manner as *other prisoners on criminal process*, until he shall have done certain acts, if judgment passes, or has passed against him. This warrant may issue by the 4th section of the act to abolish imprisonment, &c. (*Session Laws of* 1831, *p.* 396, &c.) in four cases : 1. When the defendant is about to remove his property, &c. with intent to defraud his creditors ; 2. When he fraudulently conceals rights in action, or refuses to apply them, or stocks, money or evidences of debt, in payment of a judgment in favor of complainant ; 3. When he has assigned or removed, or disposed of any of his property, or is about to do so, with intent to defraud his creditors ; or 4. When the defendant fraudulently contracted the debt, respecting which such suit is brought. By section 26, the removal of property by the owner out of the county, to prevent a levy upon it by virtue of an execution, and the disposal of his property in any manner with intent to defraud any creditor, or to prevent such property from being liable for the payment of his debts, is

declared a misdemeanor. The 1st and 4th grounds for issuing a warrant under section 4, are not embraced within section 26; the warrant may therefore issue where it seems to be intended as a mere civil remedy to compel payment of a debt. By section 10, the person arrested shall not be committed to jail, if he shall comply with either of five alternatives there mentioned, all of which relate to payment of, or giving security for the *debt* on account of which he has been arrested. The process, however, is in the form of *criminal process*. It assumes that the people have cause of complaint, and proceeds upon the ground of a fraud either intended or committed. The defendant when arrested, is to be treated like a person arrested on criminal process ; and in section 11, it is declared that when committed, he " shall remain in custody in the same manner as *other prisoners* on criminal process," &c. The word *other*, as here used, seems to express the sense of the legislature, that the person so imprisoned is imprisoned on criminal process. If the charge upon which the attempt was made to arrest the defendant below, was that of removing or disposing of his property with intent to defraud his creditors, then the process was clearly criminal in all respects ; if the charge was an intent only to commit a fraud, or that a fraud was committed in originally contracting the debt, the defendant could not be punished criminally upon any proceeding founded upon that process. But as the proceeding is in the name of the people—as the defendant, when arrested, is to be treated as a criminal offender—and as the eleventh section considers him a prisoner on criminal process, in my opinion the process should be so considered. To sustain the attachment, it should have appeared *affimatively* that the process was a civil process. If I am right in this, then the common pleas decided correctly, and their judgment should be affirmed.