By the Court, Nelson, Ch. J.
The question in this ease is, whether the warrant alleged to have been issued by Judge Wilson, under the 5th section of the non-imprisonment act, was sufficient to justify the officer to whom it was directed and delivered in arresting the debtor out of the county of Albany. If it was not, then the plea is bad in substance.
The third section of the act referred to (Sess. Laws of 1831, p. 396, 1 R. S. 808, 2d ed.) provides, that it shall be lawful for a plaintiff who has commenced a suit &e.. to apply to a judge of the court in which the action is pending, or to any officer authorized to perform the duties of such judge, for a warrant against the defendant. The fifth section declares that, upon the requisite proof being made to the officer he shall issue a warrant in behalf of the people, directed to any sheriff, constable or marshal, within the county where the officer resides, commanding him to arrest and bring the defendant before such officer without delay. By the sixth section, the sheriff &c. is required to execute the warrant by arresting the person named therein and bringing him before the officer issuing the same. The ninth section provides that if the officer issuing the warrant be satisfied that the allegations of the complainant are substantiated, (the hearing of which is provided for in other sections,) he shall, by a commitment under his hand, direct that such defendant be committed to the jail of the county in which the hearing was had, to be there detained until discharged according to law.
There is certainly nothing in the language of these several provisions which either expressly or by necessary implication confers upon the sheriff or other officer to whom the warrant may be directed, the power of executing it beyond the territorial limits of his own county. Indeed, I think the contrary is to be inferred from the phraseology of the statute. . The warrant is to be directed to the sheriff &c. within the county where the magistrate issuing it resides. If the legislature had intended that the warrant might go into any county, they would not have restricted its execution to an officer of the county in which it was issued, but would have allowed it to be directed to any competent officer in the state.
*607 This view is confirmed by the provisions of the statute in respect to the execution of criminal process. The third section of that statute provides for the issuing of a warrant by one of the magistrates mentioned in the first section, commanding the officer to whom it is directed forthwith to take the person accused and bring him before such magistrate. (2 R. S. 590, 2d ed.) By the fourth section it is provided that warrants “ issued by either of the officers enumerated in the first section &c., may be executed in any part of this state, except such as are issued by any assistant justice in New-York, or by any alderman or justice of the peace,” and that “ warrants issued by any such assistant justice, alderman or justice shall not be executed out of the county within which they are officers, unless endorsed in the manner prescribed in the section next following.” (Id.) When a criminal warrant, therefore, is issued by a judge of the common pleas, the statute does not restrict its direction to the officers of a particular county, but expressly declares that it may be executed in any part of the state. And even if the force and effect of such warrant would have been the same at common law, independently of the statute, still, the above provisions show the course of legislation on this subject, and may well be brought in aid of the construction to be put upon the several sections of the non-imprisonment act above cited.
It was insisted on the argument that the warrant in question is strictly a criminal process, and might therefore be executed as such in any place over which the officer issuing it has jurisdiction. The powers of that officer are co-extensive with those belonging to a justice of the supreme court at chambers; and if the process is to be regarded as criminal, no doubt it may be executed in any part of the state by virtue of the statute already referred to. (2 R. S. 590, § 4, 2d ed.) But though this warrant is in the form of criminal process, and the proceeding assnmps in some respects the nature of a, criminal prosecution, (Lynde v. Montgomery, 15 Wend. 461,) yet, in its use, form and effect, it is nothing more than a somewhat summary civil proceeding to enforce the collection of a debt due upon contract. This is abundantly exemplified by the tenth section of the non-impris *608 onment act, (Sess. Laws. of 1831 p. 398, 1 R. S. 809, 2d ed.,) which provides that the defendant .may be discharged by paying or seeming the payment of the debt, or by turning oiit his property or giving security that it shall be turned out for .the purpose of payment. The provisions authorizing the warrant and subsequent proceedings are, as, was said in Berthelon v. Betts, (4 Hill, 577, 579,) no more than a statute execution against chbses . in action and othér effects of the debtor not tangible by the or dinaryThe statute gives the. creditor certain process by which he mayeoércé the payment of a débt.for which the debtor has been prosecuted. That process was intended as a substitute for an execution against the person, and is predicated, upon certain alleged frauds committed by the debtor with a view of eluding payment. The legislature intended to abolish imprisonment for debt in respect to all .honest debtors, but still to continue it in respeet to dishonest ones, with certain specified qualifications.
'. I am of opinion, therefore, that the plea is bad, and that the plaintiff is entitled to judgment, •• ■ /•
Ordered accordingly.