# SUPREME COURT.

THE PEOPLE ex rel. WILLIAM S. KEILEY, receiver, &c., agt. GILBERT M. SPIER, justice of the superior court.

*Stilwell act — examination in supplementary proceedings may be used as a basis of proceedings under said act — the law implies a contract and a promise to pay.*

The prohibition against arrest and imprisonment, contained in section 1 of the non-imprisonment act of 1831 (Stilwell act), was not confined to what were understood to be actions at law for the recovery of moneys due upon or for the breach of a contract, but it also included actions in courts of equity ; and where they were founded upon an express or implied contract, there the debtor, according to the express language of this section, could not be imprisoned upon any execution issuing upon the decree.

The law implies a contract, and it is not necessary, under the provisions of this statute, that a contract should be averred as the foundation of the plaintiff's action, in order to exonerate the defendant from arrest and imprisonment. It is sufficient for that purpose that the suit should be for the recovery of money due upon contract, express or implied.

The judgment on which these proceedings were instituted was recovered in an action brought by the receiver to determine the title to certain moneys received by the defendant, Dusenbury, from the chamberlain of the city of New York, and for the recovery of such moneys. It was prosecuted in the form of an action in equity. The complaint neither set forth in terms, nor in any manner alluded to any contract existing between himself or the judgment debtor and the defendant, Dusenbury, either as a basis of the liability desired to be enforced and maintained, or otherwise. It was, on the contrary, an action to set aside an assignment made by the judgment debtor, and for an accounting concerning the moneys received by the respective defendants. The defendant, Dusenbury, had received such moneys, claiming to be entitled to them under the authority of the assignment. But it was held that he had no such right, and that the plaintiff, as receiver, should recover the money.

*Held,* that as the facts turned out, the moneys were received by the

defendant, Dusenbury, without right, and consequently for the use of the receiver, and the law, therefore, implies a promise to pay them over, as the judgment directed that to be done.

*Held*, also, that the action was not one in which the defendant could be imprisoned upon an execution, for the reason that it was an implied contract against him, and, therefore, he could be proceeded against under the non-imprisonment act.

Although proceedings under the non-imprisonment act may be, to some extent, punitory in their nature, they are still not in the character known as criminal. Their object, primarily, is the enforcement of civil remedies. Therefore, the prohibition contained in section 292 of the Code of Procedure, as to answers made on an examination in supplementary proceedings, does not apply; and such answers may be used as permanent evidence in proceedings under the non-imprisonment act (*Reversing case of Keily* agt. *Dusenbury in Superior Court*, 52 *How.*, 277).

*First Department, General Term, May*, 1877.

WRIT OF CERTIORARI to review proceedings under the non-imprisonment act taken against Charles Dusenbury. The facts sufficiently appear in the case as reported in 52 *Howard*, 277, and in the opinion.

*D. M. Porter*, for relator.

I. *Certiorari* is proper to review (*King* agt. *Kirby*, 28 *Barb.*, 49; *People* agt. *Daly*, 4 *Hun*, 641; 5 *Wait's Pr.*, 461; *Spencer* agt. *Hilton*, 10 *Wend.*, 608, 610; *Townsend* agt. *Morrell*, 10 *id.*, 578; *People* agt. *Reed*, 5 *Denio*, 554; *Ex parte Robinson*, 21 *Wend.*, 671; *People* agt. *The Recorder*, 6 *Hill*, 429). These proceedings are under title 1, part 2, of the Revised Statutes, and all proceedings under that title are reviewable by *certiorari* (*People* agt. *Daly, supra*). They are before a judge out of court, and not appealable under the act of 1854 (*Clark* agt. *Gallagher*, 20 *How. Pr.*, 308 [307]). They are not special proceedings (*In re Dodd*, 27 *N. Y.*, 632).

II. The judgment roll being a part of the evidence upon which the warrant was issued, cannot be controverted, but is conclusive (*Krekeler* agt. *Ritter*, 62 *N. Y.*, 372). The law implies a contract (*Bayne et al., trustees,* agt. *United States*,

3 *Otto*, 642). He sets out his alleged title, and it there appears that the alleged assignment from Hiler to Haight was and is void on its face (*Goodrich* agt. *Downs*, 6 *Hill*, 438 ; *Woodburn* agt. *Mosher*, 9 *Barb.*, 255); the judgment is conclusive against defendant, and that the alleged assignment from Haight to Dusenbury, is conditional. Therefore, it is *incontrovertibly proven* that Dusenbury fraudulently incurred the obligation for which such judgment was recovered, which is one of the grounds specified in subdivision 5, section 8 [4], 3 Revised Statutes [*5th ed.*], 126, for his arrest under the Stilwell act (*sec.* 6 [3], *same act*). A warrant may issue in all cases prescribed by this act (*Latham* agt. *Westervelt*, 26 *Barb.*, 256 ; *The People* agt. *O'Brien*, 6 *Abb.* [*N. S.*], 63 [*court of appeals*] ; *Same* agt. *Goodwin*, 50 *Barb.*, 562). The option to arrest under the Code or under the Stilwell act exists, both are in force (*People* agt. *O'Brien, supra*). The grounds for arrest under each are mostly the same. By both sections (178 *and* 302) of the Code, all the provisions of the non-imprisonment act are expressly continued in force (*The People* agt. *O'Brien, supra ; Same* agt. *Goodwin*, 50 *Barb.*, 562 ; *Latham* agt. *Westervelt*, 26 *Barb.*, 256). Without Dusenbury's examination, in supplementary proceedings, Mr. Gould's affidavit proves that Dusenbury fraudulently incurred the obligation, for which the judgment was recovered, and also that he had disposed of his property to defraud his creditors; also that he has property that he fraudulently conceals is not controverted. The facts showing these are set out in it, and the affidavit of Dusenbury does not controvert these, but attempts to controvert that certain exhibits are originals, but entirely fails to controvert the facts proving fraud. There is no evidence, in defendant's affidavit, showing he had parted with any part of the $7,187 so fraudulently procured.

III. The respondent erred in deciding that the supplementary proceedings could not be used in evidence in these proceedings. This is not a criminal proceeding (*The People* agt. *Underwood*, 16 *Wend.*, 546, 549 ; *Goodwin* agt. *Sharkey*,

5 *Abb.* [*N. S.*], 66 [64] ; *Berthelon* agt. *Betts,* 4 *Hill,* 577
[581] ; *Moak* agt. *DeForrest,* 5 *Hill,* 605 ; *Hall* agt. *Kellogg,* 2
*Kernan,* 325 ; *Spear* agt. *Wardell,* 1 *Comst.,* 144), but a mere
remedy to collect the debt (*King* agt. *Kirby,* 28 *Barb.,* 49),
and, therefore, inasmuch as section 292 of the Code does not
prohibit the use of defendant's examination except in a criminal
prosecution or proceeding, the affidavit in *Wheaton* agt. *Fay*
(62 *N. Y.,* 275) was based upon a supplementary examina-
tion, and the warrant and jurisdiction were sustained, and its
use was sanctioned, nor is the warrant under the Stilwell act
a suit in equity ; hence, *Lathrop* agt. *Clapp* (40 *N. Y.,* 332)
does not apply, except as an authority that the examination
may be used in all cases except as prohibited in section 292,
to wit, criminal actions ; nor is it a suit ; (creditor's action),
there is no *bill in equity* to answer, " but it is a proceeding
under the very act making the exemption, even if the exami-
nation were a creditor's bill, it is not a suit in equity under
the provisions of the Stilwell act, and its use is not prohibited
by it." The *People* agt. *Underwood* (16 *Wend.,* 546) was a
criminal cause, and an answer to *a bill in equity,* under that
act, was excluded, but it is no authority to exclude any other
evidence in a civil proceeding. In fact, the court in this last
case expressly decides that a proceeding under the Stilwell
act is not a criminal, but a civil remedy. Again, the exami-
nation was not necessary to maintain the warrant, because the
facts were proven without it. The complainant is not bound to
produce proof to substantiate his charges until the same have
been controverted by the defendant's affidavit or proof (*Spencer*
agt. *Hilton ; Wheaton* agt. *Fay, supra*).

It was also read in evidence subject to its legal effect, and,
being once in, it could not be remedied except by direct pro-
ceedings to reverse (*Stanton* agt. *Schell,* 3 *Sand. S. C.,* 323 ;
*Spencer* agt. *Hilton, supra*). There is no law making defend-
ant's examination incompetent. If it had been an answer,
not an examination, in an equity action, under section 42 (29
*of the Stilwell act*), it would have been inadmissible under

section 42 (29), but being under the Code it can be used in all matters except criminal actions.

IV. Then we have a warrant issued upon a judgment roll of a judgment against Dusenbury, for fraudulently incurring the obligation, which was the sole ground therefor, which judgment is conclusive (*Krekeler* agt. *Ritter, supra*). But (without his examination) he admitting he has over $2,000 of the very money, the fruits of his fraud, and he admitting he has $1,305.11 of it, sufficient to pay relator's judgment, in his possession, and no sufficient explanation is made to show any disposition of his property charged to have been fraudulently disposed of, and about which he has so many contradictory oaths; he swears he is a member of the firm of Thomas Dusenbury & Son, but again he swears he does not even know who composes that firm. He also swore to contradictory statements of the amount of money (the fruits of his frauds) he had, and there is no contradiction of his oath made on his justification as surety, under which he testified he was worth $8,000, and had $3,000 of plaintiff's money, which he still retained, neither does he give any explanation what he has done with either. It is therefore to be presumed to be in his possession (*Mosher* agt. *The People*, 5 *Barb.*, 575 ; *Wheaton* agt. *Fay ; Spencer* agt. *Hilton, supra*). And, admitting the supplementary examination, it shows the same facts as to the property named in it as was was shown in *Wheaton* agt. *Fay* (*supra*), leaving the additional frauds fully established by other proof.

V. The court may correct the erroneous decision of the respondent (*The People* agt. *The Board of Police*, 39 *N. Y.*, 506 ; *Morewood* agt. *Hollister*, 2 *Selden*, 309).

It should be adjudged that Dusenbury has disposed· of his property with intent to defraud his creditors, and has property which he fraudulently conceals, and his acts have not been just and fair ; also the order should be reversed with costs and disbursements, and defendant ordered to be rearrested and committed (*King* agt. *Kirby*, 28 *Barb.*, 49, *supra*).

*Hall & Blandy,* for respondent. The court had no juris-diction to issue the warrant in the first instance, as the papers on which the application was made for the warrant clearly showed that this is not a case within the act of 1831. It will not for an instant be claimed that it falls within any of the provisions of that act unless it may be the first, and we will therefore consider that as the only provision and proceed to show that this case does not fall within it. Section 1, of the non-imprisonment act, reads as follows : " No person shall be arrested or imprisoned on any legal process issuing out of any court of law, or any execution issuing out of any court of equity, in any suit or proceedings instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract." By the very comprehensive language of this sec-tion, imprisonment for debt was abolished in those cases, and none others (except in the cases mentioned in the other pro-visions, which have no bearing on the case at bar) and to simply classify these cases for more ready reference, they are as follows : Actions for the recovery of money due upon any judgment or decree founded upon contract; money due upon contract, express or implied ; damages for breach of contract. And by section 6 of said act, it is enacted that " in all cases where, by the preceding provision of this act, *i. e.,* by section 1, a defendant cannot be arrested or imprisoned, it shall be lawful for the plaintiff, &c., to apply for a warrant to arrest the defendant under this act, &c., upon showing one or more of the instances enumerated in section 8 (*old sec.* 4) of the act." Now, Mr. Porter's contendment is, that the defendant is amenable to arrest under subdivisions 2, 3 and 4 of section 8 of said act, or one or more of them, because he has property which he unjustly refuses to apply ; because he fraudulently contracted the debt, &c. But it will be perceived by a refe-ence to section 8 (*old sec.* 4) that a defendant can only be arrested under this act on plaintiff establishing one or more of

the afore-mentioned offenses " when the defendant, according to the provision of the act (*sec.* 1), cannot be arrested. It is therefore manifest that the defendant cannot be arrested under this act, even though the plaintiff might satisfactorily establish his guilt of one or more of the offenses designated under section 8, because this is not one of the actions in which, by the first section of the act, imprisonment for debt was abolished ; in other words, whatever right there was in force to arrest the defendant in the original action before the non-imprisonment act, such right is not in any way impaired or interfered with by the provisions of the non-imprisonment act, as that simply abolished imprisonment for debt in the cases named in the first section, to wit, in action for the recovery of (1) money due upon a judgment or decree founded upon contract; (2) money due upon contract, express or implied ; (3) damages for breach of contract. Most certainly the original judgment or decree is not founded upon contract as defined by our first classification as above and clearly it is not one of the other cases. The decision of the superior court, general term, rendered May 8, 1877, decided it to be a tort. Whatever remedy the plaintiff has, therefore, it is under the Code, and clearly, by section 179, the plaintiff could have arrested him on *ca sa*, or final execution. It is not necessary, however, to go as far as to say that if the defendant can be arrested under the Code, he cannot under this act. It is sufficient to say that the case at bar is not one of those contemplated by section 1 of the act, and only in such cases can a defendant be arrested under this act (and in cases covered by the other provisions which do not bear on the case at bar).

II. The application for the warrant was based upon the examination of the defendant in supplementary proceedings and the judgment roll in the case. These were improperly used and should not have been considered by the justice ; and if they are stricken from the case, then there is no proof before the court which would justify the issuing of the warrant. (*a*) Section 292 of the Code, provides " no person shall, in exam-

ination pursuant to the chapter (*chap.* 2, *Proceedings supplementary to execution*), be excused from answering any question on the ground that his examination will tend to convict him of the commission of a fraud; but his answer shall not be used as evidence against him in any criminal proceeding or prosecution. " Nor shall he be excused from answering any question on the ground that he has, before the examination, executed any conveyance, assignment or transfer of his property for any purpose, but his answer shall not be used as evidence against him in any criminal proceeding or prosecution." And in referring to this portion of section 292, MASON, J., held: " This enactment was undoubtedly made to give a more full examination than could be attained without it. It was to relieve the party from the pains and penalties to which his evidence might otherwise tend to subject him. The only criminal frauds that I am aware of, that could reach a case like this, are those imposed by section 3, title 6, chapter 1, part 4 of the Revised Statutes (3 *R. S.*, 971, *and sec.* 392 *R. S.*, 133), the latter being the twenty-sixth section of the non-imprisonment act of 1831 (*Lathrop* agt. *Clapp*, 40 *N. Y.*, 332; *see also Forbes* agt. *Willard*, 37 *How.*, 193). In order to bring himself within the requirements of the act to obtain the warrant herein the plaintiff endeavored to establish: (1) " That the defendant had assigned, removed or disposed of his property, with intent to defraud his creditors. (2) That the defendant fraudulently contracted the debt or incurred the obligation, respecting which such suit is brought." And in order to accomplish this he made use of the examination of defendant in proceedings supplementary to execution under section 292 of the Code. This evidence, we claim, is not competent, and cannot be used against defendant for the purpose of establishing either of the above requirements (1 and 2), consequently all such evidence should be stricken out, and, if this be done, there is no evidence before your honors to sustain the warrant herein. (*b.*) The act of 1831 itself provides (*sec.* 42 [29]) that " no person shall be excused from answer-

ing any *bill in equity*, seeking a discovery in relation to any fraud prohibited by this act, or from answering as a witness in relation to any such fraud; but *no such answer shall be used in evidence in any other suit or prosecution.*" And, in referring to this section, BRONSON, J., held : " The language of the section is very broad. The defendant was bound to make the discovery for the purpose of advancing the remedy of the creditor; *but the answer could not be used as evidence against him in any other proceeding.*" The court erred in admitting the defendant's examination (*The People* agt. *Samuel L. Underwood*, 16 *Wend.*, 546). There can be no question but that the supplementary proceedings referred to fall within the purview of this section, for " they are intended as a substitute for creditors' bills, and must be regarded as in the nature of those suits in equity" (*See Code, sec.* 292, *and cases cited in note*). This being the case, the evidence of defendant on his examination, in supplementary proceedings, relative to the very frauds prohibited by this act, cannot be used against him in this proceeding, and for this additional reason all such evidence should be stricken out, and, if this be done, there is no evidence before your honor to sustain the warrant. (*c.*) For the reasons last cited in "*b*," the judgment roll in the case should also be stricken out. The judgment roll being proof *of the commission of one of the frauds prohibited by this act*, it is not admissible in evidence, as it is the judgment of a bill in equity, filed by the plaintiff, seeking a discovery in relation to frauds (as he contends) prohibited by this act.. Defendant answered, went to trial, and was examined as a witness, and he thereupon made the discovery, the consequences of making which he is clearly protected against by said forty-second section.

III. This is a criminal proceeding (*Lynd* agt. *Montgomery*, 15 *Wend.*, 461 ; *Moake* agt. *De Forrest*, 5 *Hill*, 605; *The People ex rel. Latorre* agt. *O'Brien*, 3 *Abb.* [*court of appeals Dec.*] *S. C.; 6 Abb.* [*N. S.*], 63). And the defendant having been tried and acquitted he should not be placed in jeopardy

again for the same offense (*N. Y. Constitution, sec.* 6, *art.* 1; *Block* agt. *The People,* 2 *Parker's Crim. Rep.,* 676, and *cases cited; The People* agt. *Goodwin,* 18 *Johnson,* 187, *cited and approved* 24 *N. Y.,* 82; 24 *id.,* 101; 25 *id.,* 421, *and* 26 *id.,* 183).

IV. The act of 1831 should not be construed harshly towards the debtor. A liberal construction should be given to it. (1) Because it is a law in restraint of the personal liberty of the citizens. (2) Because the present policy of this State does not favor imprisonment for debt; and, (3) because it is an act which may easily become (even as it has in this case) in the hands of relentless creditors an instrument of persecution and wrong. In the case of the *People* agt. *The Recorder of Albany* (6 *Hill,* 429), judge BRONSON, in speaking of this act, says: "The more I see of these proceedings the more fully am I convinced that they should be *carefully watched;* they will be otherwise turned into the means of oppression."

V. If, as claimed by plaintiff, no objection was raised to the admissibility of the supplementary proceedings and judgment roll as incompetent, still the court, of its own motion, should disregard them, as the statutes prohibiting their admissibility is not a mere rule of evidence which a party can waive at his option, but they operate as an injunction upon the plaintiff notwithstanding the failure to object to their admissibility. The statute is mandatory on the court and therefore the principle laid down in *Stanton* agt. *Schell* (3 *Sand,* 323) has no application.

VI. Even if the evidence contained in the supplemental examination was properly before the court, it is not contradicted, and on its face it shows that the transfers were made in good faith and for a valuable consideration, and that the proceeds had been lawfully disbursed and that defendant had no property. On the foregoing grounds we claim that the justice committed no error, and that these proceedings should be dismissed, with costs to respondent.

DANIELS, *J.* — The judgment on which the proceedings were instituted was recovered in an action brought by the relator to determine the title to certain moneys received by Dusenbury, from the chamberlain of the city of New York, and for the recovery of such moneys. These moneys were affected by conflicting claims and one of the objects of the action was to secure a determination of those claims, and to establish the right of the plaintiff as receiver to the moneys. It was prosecuted in the form of an action in equity. The relief demanded by the complaint was entirely consistent with the case it presented, that was, that the plaintiff should be adjudged entitled to, and to be vested with, the property, estate and credits of the judgment debtor; that his preceding assignment should be adjudged fraudulent and void as to his creditors; that the chamberlain of the city of New York should account to him for the debtor's moneys in his hands, and that he should have judgment against the defendants for the moneys received by them. The relief awarded was substantially that which was demanded. The assignment was set aside as fraudulent and a recovery was had in the relator's favor for the amount of the judgment debtor's money in the hands of the defendant Dusenbury. And upon this judgment, proceedings for its collection were taken against him under the provisions of the act abolishing imprisonment for debt. The complaint in the receiver's action neither set forth in terms nor in any manner alluded to any contract existing between himself or the judgment debtor and the defendant Dusenbury, either as a basis of the liability desired to be enforced and maintained or otherwise. It was, on the contrary, an action to set aside an assignment made by the judgment debtor and for an accounting concerning the moneys received by the respective defendants. The defendant Dusenbury had received such moneys claiming to be entitled to them under the authority of the assignment. But it was held that he had no such right, and that the plaintiff, as receiver, should recover the money.

By the provisions of the non-imprisonment act a party can proceed against the debtor under it where he has a demand upon which, according to the preceding provisions, the debtor cannot be arrested or imprisoned (3 *R. S.* [*5th ed.*], 126, *sec.* 6). And the cases in which by such preceding provisions the debtor cannot be arrested or imprisoned are those where the suit shall be brought " for the recovery of any money due upon any judgment or decree founded upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract " (*Id.*, *sec.* 1). The prohibition against arrest and imprisonment contained in this section was not confined to what were understood to be actions at law for the recovery of moneys due upon or for the breach of a contract, but it also included actions in courts of equity. And where they were founded upon an express or implied contract, there the debtor, according to the express language of this section, could not be imprisoned upon any execution issuing upon the decree.

It was not necessary under these provisions of the statute that a contract, should be averred as the foundation of the plaintiff's action in order to exonerate the defendant from arrest and imprisonment. But it was sufficient for that purpose that the suit should be for the recovery of money due upon contract, express or implied. And from the facts imperfectly stated in the complaint, as they were, it could readily be seen that an implied contract existed in law for the payment of the moneys received by the defendant Dusenbury to the receiver in case he had no right to receive and hold them upon the ground claimed by him. As the facts turned out, the moneys were received by the defendant Dusenbury without right, and consequently for the use of the receiver. And the law therefore implied a promise against him to pay them over, as the judgment directed that to be done (*Admrs. of Dumont* agt. *Carpenter*, 3 *John.*, 183 ; *Buell* agt. *Boughton*, 2 *Denio*, 91 ; *Cobb* agt. *Dows*, 6 *Seld.*, 335, 341). The action was not one in which the defendant could be imprisoned upon an exe-

People *ex rel.* Keiley agt. Spier.

cution, for the reason that it was an implied contract against him, and therefore he could be proceeded against under the non-imprisonment act. The action might have been prosecuted in a different form, but, as it was not, that fact cannot affect the plaintiff's right to maintain this proceeding. No wrongful act was alleged as the foundation of the action beyond the circumstances showing that the money had been secured without any actual right to it. And the judgment proceeded upon the same theory so far as it was recovered against Dusenbury. It was simply that the plaintiff recover against him personally, with costs, the sum adjudged to be in his hands. All conformed to the theory that the liability enforced was for money received by him under the claim of authority to act under the assignment. He had no such authority, and, when the assignment was set aside as fraudulent, it followed that he must account for and pay over the money he had received. And the law implied a promise against him that he would do so.

The warrant was issued against the defendant upon an affidavit, and his own examination, in proceedings supplementary to execution, taken on the judgment. He, himself, made an affidavit controverting certain facts contained in the affidavit presented on the part of the plaintiff. The return does not show that he then, or at any previous time, objected to the admissibility of his own examination as evidence of the facts required to be established to support the proceeding. But afterwards it was objected that this examination could not be used for that purpose, because of the provision contained in the Code of Procedure that his answers at that time given should not be used against him in any criminal prosecution or proceeding (*Sec.* 292). But, although proceedings under the non-imprisonment act may be to some extent punitory in their nature, they are still not in the character known as criminal. Their object, primarily, is the enforcement of civil remedies. And, in this instance, they were carried on for the purpose of collecting a debt, not to punish

the defendant. The case of *People* agt. *Underwood* (16 *Wend.*, 546) arose upon an indictment, and, for that reason, did not require the examination to be rejected as a basis of the present proceeding. Where the object sought is the punishment of a debtor for an offense committed by him, this provision of the Code requires the examination to be rejected. But it proceeds no further than that. And no sound reason can be discovered for allowing the prohibition any greater latitude or effect. For the purpose of collecting his debt, the creditor is entitled to a full and complete discovery of his debtor's affairs under oath. And he may use answers given by him as permanent evidence to support the enforcement of any civil remedy afforded by the laws of the State to secure that end. That such a proceeding is not criminal was held in the case of *Noah* agt. *De Forest* (5 *Hill*, 605), because the debtor could release himself from it by merely paying the debt. And the present proceeding was subject to the same provisions of the statute which provided for a discharge upon payment, and by four other different modes of proceeding designed to promote the remedy of the creditor and to enable the debtor to relieve himself from it (3 *R. S.* [*5th ed.*], 128, *sec.* 15). The case of *Gillespie* agt. *Thomas* (15 *Wend.*, 463) arose upon an arrest by warrant of criminal nature, and for that reason it has no weight as authority in the defendant's favor. The proceeding should not have been, as it was, dismissed, but it should have been heard and disposed of upon its merits.

For that reason the order made should be reversed and further proceedings directed before the judge having cognizance of them.