NEW-YORK,
May, 1808.

Administrators
of Dumond
v.
Carpenter.

* 1 *Burr.* 54.
2 *Salk.* 644—2.

</div>

## The Administrators of Dumond *against* Carpenter.

THIS cause came before the court, on a writ of error from the *Ulster* court of common pleas.

It appeared from the record that *Carpenter* declared against the administrators of *Dumond,* stating that the intestate on the 1st *January,* 1784, was indebted to him in the sum of 200 dollars, for that the intestate was at the time sheriff of *Ulster,* and as such levied and received the amount of an execution against *James M'Masters* at

<div style="text-align:right">

Where a person receives the money of another, and applies it to his own use, an action on an implied *assumpsit* will lie against him, by the person to whom the money ought to have been paid.

</div>

Where a term intervenes between the *teste* and return of a writ of inquiry, which is a miscontinuance, it is *cured* by the statute of *jeofails.*

NEW-YORK,
May, 1808.

Administrators
of Dumond
v.
Carpenter.

the suit of the plaintiff, issued out of the court of common pleas of the county of *Ulster*, and converted the same to his own use, and being so indebted, assumed to pay to the plaintiff the said sum of 200 dollars. The second count was for money had and received by the intestate.

The defendant imparled to the first *Tuesday* in *May*, and then made default, on which an interlocutory judgment was entered, and a writ of inquiry awarded, returnable on the third *Tuesday* in *September*, and on that day the sheriff returned an inquisition assessing the damages at 170 dollars, 80 cents, on which final judgment was entered.

The counsel for the plaintiffs in error relied upon two objections arising upon the record in the above cause.

1. That the declaration in *assumpsit* was bad, as the money was *tortiously* applied by *Dumond* to his own use.

2. That there was a discontinuance, as the award of a writ of inquiry is made as of *May* term, returnable in *September* term, omitting the term of *July*.

*L. Elmendorf,* for the plaintiff in error.

*Sudam*, contra.

*Per Curiam.* The answer to the first objection is, that the first count in the declaration is good in *assumpsit*, for the law will, and always does raise an *assumpsit* from the misapplication of money received to the use of another.

The answer to the second objection is, that if a term intervene between the *teste* and return of a writ of inquiry, it creates no prejudice to the party, and is, at any rate, only a miscontinuance, which is *cured* by the statute of jeofails. (*Sayer*, 245.)

The judgment must be affirmed.