### THE PEOPLE vs. SAMUEL L. UNDERWOOD.

The *examination* of a debtor proceeded against by *warrant*, under the act ' to abolish imprisonment and to punish fraudulent debtors,' cannot be used in evidence against the debtor, in a prosecution against him for a *misdemeanor* in disposing of his property with the intent to defraud his creditors.

The offence of thus disposing of property is complete, although the creditors intended to be defrauded are not *judgment creditors*.

ERROR from the Montgomery general sessions. The defendant was indicted under § 26 of the ' act to abolish imprisonment for debt, and to punish fraudulent debtors,' Session Laws of 1831, p. 402, and charged with having assigned or disposed of certain of his property with intent to defraud his creditors. On the trial of the indictment, it was proved that a creditor of the defendant sued out a *warrant* under § 3 and 4 of the above act, on which the defendant was arrested and brought before the officer issuing the process, and when there denied the charge which had been made against him of having disposed of his property with the intent to defraud his creditors, and verified his allegations by his own

affidavit, according to the provisions of § 7. The complainant thereupon examined the defendant on oath, touching various facts material to the inquiry, and the answers of the defendant on such examination were reduced to writing and subscribed by him. This *examination* the district attorney offered in evidence. The counsel for the defendant objected to its being received, but the objection was overruled, and the examination was read to the jury. It not having been proved that the creditor who sued out the warrant was a *judgment creditor*, the counsel for the defendant insisted that for that cause the prosecution could not be sustained, and requested the court so to charge the jury, who refused so to do, and on the contrary charged that the defendant could legally be convicted, although there was no judgment against him. The jury convicted the defendant, and the court sentenced him to one year's imprisonment, and to pay a fine of $200. The defendant's counsel having excepted to the decisions of the court, sued out a writ of error.

*D. Cady,* for the plaintiff in error.

*C. M'Vean,* (district attorney of Montgomery,) for the people.

*By the Court,* BRONSON, J. It is said that the defendant should not have been convicted, because there was no *judgment creditor* who could be defrauded by his acts. The 26th § of the statute, under which the defendant was indicted, declares, that " any person who shall remove any of his property out of any county, with intent to prevent the same from being levied upon by any execution, or who shall secrete, assign, convey, or otherwise *dispose of any of his* property with intent to defraud any creditor, or to prevent such property being made liable for the payment of his debts, and any person who shall receive such property with such intent, shall, on conviction, be deemed guilty of a misdemeanor." The language of the act plainly extends to all creditors, and I can perceive no sufficient reason for re-

stricting its construction to such creditors as have obtained judgments for their demands. The fraudulent removal, assignment, or conveyance of property by a debtor, which the legislature intended to punish criminally, usually takes place in anticipation of a judgment, and for the very purpose of defeating the creditor of the fruits of his recovery. If there must first be a judgment before the crime can be committed, the statute will be of very little public importance. This is not like the case of a creditor seeking a *civil remedy* against a fraudulent debtor. There the creditor must complete his title by judgment and execution, before he can control the debtor in the disposition of his property; he must have a certain claim upon the goods, before he can inquire into any alleged fraud on the part of the debtor. *Wiggins* v. *Armstrong*, 2 Johns. Ch. 144. But this is a public prosecution, in which the creditor has no special interest. The legislature has relieved the honest debtor from imprisonment, and subjected the fraudulent one to punishment, as for a criminal offence. The crime consists in assigning or otherwise disposing of his property with intent to defraud a creditor, or to prevent it from being made liable for the payment of his debts. The public offence is complete, although no creditor may be in a condition to question the validity of the transfer in the form of a civil remedy. I think the jury were properly instructed on this question, and that the exception should be overruled.

Was the defendant's examination properly received in evidence? When the person arrested on a warrant, issued in pursuance of the 3d section of the act, is brought before the officer, "he may controvert any of the facts and circumstances on which such warrant issued, and may, at his option, verify his allegations by his own affidavit; and in case of his so verifying the same, the complainant may examine such defendant on oath, touching any fact or circumstance material to the inquiry, and the answers of the defendant on such examination, shall be reduced to writing and subscribed by him; and the officer conducting such inquiry shall also receive such other proof as the parties may offer." § 7. The 29th section provides, that "no person shall be

excused from answering any bill in equity, seeking a discovery in relation to any fraud prohibited by this act, or from answering as a witness in relation to any such fraud; but no such answer shall be used in evidence in any other suit or prosecution. The verification of the defendant's statement before the judge was a voluntary act. Whether he should make an affidavit or not, was a matter which rested in "his option;" but when the affidavit was made, the complaining creditor had an unqualified right to examine the defendant on oath, "touching any fact or circumstance material to the inquiry." On that examination he was not at liberty to refuse, but was bound to answer, although his answers might tend to criminate himself. It is one of the cases provided for by the statute. The language of the section is very broad. *No person* shall be excused from answering as a witness in relation to the fraud. The defendant was bound to make discovery for the purpose of advancing the remedy of the creditor; but the answer could not be used as evidence against him in any other proceeding. The last clause of this section, is in accordance with the constitution and the bill of rights, which provide that "no person shall be compelled, in any criminal case, to be a witness against himself." The proceedings before the judge were not of a criminal character, still, if the defendant were required to answer without any protection, he would indirectly be compelled to be a witness against himself in a criminal case; and it was therefore provided that his answer should not be used in any other suit or *prosecution*. Although the 29th section extends to other persons than the debtor, I have no doubt that he is included when examined by the complaining creditor under the 7th section, as well as when he is required to answer a bill in equity. This construction does not, as was supposed by the counsel, lead to any incongruity between the 28th and 29th sections. The 28th section provides, that "when it shall appear to any officer authorized to entertain any proceedings under this act, that any misdemeanor or perjury has been committed by any party or witness, it shall be his duty to take the measures prescribed by law to cause the

offender to appear at the proper court having jurisdiction of the offence, to answer for the same." The creditor as well as the debtor may make an affidavit before the judge, § 4, and it may appear on the examination that he, or some one of the witnesses, has committed perjury. It may also appear, independent of the defendant's examination, that he has committed perjury in his voluntary affidavit, or that he has been guilty of a misdemeanor. In all such cases, the judge should take the proper measures to have the offender brought to trial ; but this does not prove that the defendant's compulsory examination, or the answer of any other witness in relation to the fraud, can be given in evidence against him on a criminal prosecution. Whether the examination or the answer shall be used in another proceeding or not, depends on the 29th section ; and that protects the debtor as well as any other witness who may be compelled to testify.

The court erred in admitting the defendant's examination. The judgment must be reversed, and a new trial awarded.

Judgment reversed