Keiley agt. Dusenbury.

# N. Y. SUPERIOR COURT.

## WILLIAM S. KEILEY, as Receiver, agt. CHARLES DUSENBURY, impleaded.

In order to obtain the warrant under the non-imprisonment act of 1831 (Stillwell act) two things had to be established: First, that defendant had assigned, removed or disposed of his property with intent to defraud his creditors; and second, that the defendant fraudulently contracted the debt or incurred the obligation respecting which suit is brought.

By section 4 of said act it is enacted that no warrant shall issue unless satisfactory evidence be adduced that there is a demand due plaintiff for which the defendant, according to the provisions of said act, cannot be arrested or imprisoned.

By the fourth subdivision of section 179 of the Code, the defendant may be arrested when he has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought.

An examination of the judgment roll in the original action shows that defendant could have been arrested in that original action, and if so, he cannot be arrested under the Stillwell act.

Section 262 of the Code provides, "No person shall, on examination pursuant to this chapter (proceedings supplemental to execution), be excused from answering any question on the ground that his examination will tend to convict him of the commission of a fraud; but his answer shall not be used as evidence against him in any criminal proceeding or prosecution; nor shall he be excused from answering any question on the ground that he has before the execution executed any conveyance, assignment or transfer of his property for any purpose; but his answer shall not be used as evidence against him in any criminal proceeding or prosecution."

The only criminal fraud that could reach a case like this are those imposed by the Stillwell act.

The act of 1831 contains a similar enactment, and prohibits the use of the examination against him.

The supplementary proceedings fall within the provision of the statutes, and are not evidence against defendant.

*Special Term, January* 15, 1877.  *Argued December* 26, 1876; *decided January* 15, 1877.

MOTION to strike out the testimony of the defendant contained in the supplementary proceedings, and to dismiss proceedings.

The plaintiff, as receiver, in supplementary proceedings in an action (*Peter Morris et al.* agt. *Selah Hiler*) commenced an action in this court to set aside an assignment from one Selah Hiler to defendant Dusenbury, as trustee, as fraudulent, and to recover a personal judgment against him for the amount of the original judgment, in *Morris et al.* agt. *Hiler*, upon the ground that the assignment was void under the statute, and that therefore the defendant was liable to the plaintiffs for intermeddling with the trust fund.

On the trial judgment was rendered in favor of the plaintiffs setting aside the assignment and decreeing judgment against the defendant personally and in favor of the plaintiff, as receiver, for the sum of $3.627.91.

Upon this judgment an execution was issued and returned unsatisfied, and afterward the defendant Dusenbury was examined in proceedings supplementary, and on such examination testified to the disposal of certain real property *subsequent* to rendering the decision but before entry of judgment.

Upon these facts the plaintiff instituted proceedings under the non-imprisonment act and had defendant arrested, who thereupon controverted the facts and demanded a trial.

On the trial of the latter proceedings the plaintiff's counsel put in evidence the judgment roll in the action (*Keiley, as Receiver,* agt. *Dusenbury*), and also the supplemental examination of the defendant Dusenbury and then rested; thereupon the defendant's counsel moved to strike out the evidence adduced by the supplementary proceedings and to dismiss the proceedings upon the ground, *first*, that the judgment roll showed that the defendant could have been arrested in that action under subdivision 4 of section 179 of

Keiley agt. Dusenbury.

the Code, and subsequently cannot be arrested under the non-imprisonment act; and *secondly*, that under section 262 of the Code and section 42 of the non-imprisonment act the supplementary examination cannot be used as evidence against defendant.

*Charles Blandy* (*Hall & Blandy*), for defendant, for the motion.

*D. M. Porter*, for plaintiff, opposed.

SPIER, *J.* — The proceedings are taken, under the act of 1831, against the defendant for assigning, removing or disposing of his property with intent to defraud creditors, and the plaintiff has obtained a warrant under that act. Prior to obtaining the warrant, he had taken measures against the defendant in proceedings supplementary to execution, under section 292 of the Code. Upon his application for the warrant under the act of 1831, he used the evidence taken in the supplementary proceedings for the purpose of obtaining the warrant. I am inclined to the opinion that this evidence was improperly used for that purpose, and must be rejected; and if stricken out, I think there is not sufficient evidence to sustain the warrant. In order to obtain the warrant under the act, two things had to be established: That the defendant had assigned, removed or disposed of his property with intent to defraud his creditors, and that the defendant fraudulently contracted the debt or incurred the obligation respecting which suit is brought. By the fourth section of the act, it is enacted that "no warrant shall issue unless satisfactory evidence be adduced that there is a demand due to the plaintiff from the defendant for which the defendant, according to the provisions of this act, cannot be arrested or imprisoned. By the fourth subdivision of section 179 of the Code, the defendant may be arrested when he has been guilty of a fraud in contracting the debt or incurring the obligation

for which the action is brought. The general term of the supreme court (*Short* agt. *Berry*, 39 *How.*, 315), decided that in an action to recover money, it matters not whether the remedy is in equity or law, the defendant may be arrested, provided the facts stated in the complaint, or sworn in the affidavit, bring the case within one of the subdivisions of section 179 of the Code. In looking at the judgment roll in the original action, it is plain that the warrant herein should not have been granted, for the defendant could have been arrested in the original action, and if so, he cannot be prosecuted under the " act to abolish imprisonment for debt." Section 262 of the Code provides: " No person shall, on examination pursuant to this chapter (proceedings supplementary to execution), be excused from answering any question on the ground that his examination will tend to convict him of the commission of a fraud, but his answer shall not be used as evidence against him in any criminal proceeding or prosecution. Nor shall he be excused from answering any question on the ground that he has, before the execution, executed any conveyance, assignment or transfer of his property for any purpose, but his answer shall not be used in evidence against him in any criminal proceeding or prosecution." In *Lathrop* agt. *Clapp* (40 *N. Y.*, 332) the court says: " This enactment was undoubtedly made to give a more full examination than could be obtained without it." The party was relieved from the pains and penalties to which his evidence might otherwise tend to subject him. The only criminal fraud the court says that it is aware of, that could reach a case like this, are those imposed by section 3, title 6, chapter 1, part 4 of the Revised Statutes (3 *R. S.*, 971, *and sec.* 39; 2 *R. S.*, 133, the latter section being the twenty-sixth section of the non-imprisonment act). The act of 1831 provides (*secs.* 42, 29), that no person shall be excused from answering any bill in equity seeking a discovery in relation to any fraud prohibited by this act, or from answering as a witness in relation to any such fraud, but no such answer

Keiley agt. Dusenbury.

shall be used in evidence in any other suit or prosecution."
BRONSON, J., referring to the last section, says, the language
of the section is very broad : " The defendant was bound to
make the discovery for the purpose of advancing the remedy
of the creditor, but the answering could not be used as evi-
dence against him in any other proceeding. The court erred
in admitting the defendant's examination (*The People* agt.
*Underwood*, 16 *Wend.*, 546). The supplementary proceed-
ings referred to fall within the provision of this section, for
they are intended as a substitute for creditors' bills, and must
be regarded as in the nature of those suits in equity. The
evidence of defendant's examination in the supplementary
proceedings relative, to the very frauds prohibited by this
act, cannot be used against him in this proceeding. The
evidence, therefore, must be rejected, and without it the
warrant should not have been granted."