THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILLIAM S. KEILEY, AS RECEIVER, ETC., v. GILBERT M. SPIER, AS JUSTICE OF THE SUPERIOR COURT OF THE CITY OF NEW YORK.

*Non-imprisonment act* — § 1, *chap.* 300 *of* 1831 — *when warrant may issue under* — *Code,* § 292 — *examination of judgment-debtor under* — *when it may be read in evidence.* ·

The prohibition against arrest and imprisonment, contained in section 1 of the non-imprisonment act of 1831, is not confined to actions at law for the recovery of money due upon, or for the breach of a contract, but includes actions in courts of equity; nor is it necessary that a contract should be averred as the foundation of the plaintiff's claim, but it is sufficient that it appears that the action was in fact brought for the recovery of money due upon a contract express or implied.

Proceedings instituted upon a warrant, issued under section 3 of said act, are not criminal proceedings within the meaning of section 292 of the Code, and the examination of a judgment-debtor, taken in proceedings supplementary to an execution, may be given in evidence therein.

WRIT of certiorari to review proceedings under the non-imprisonment act, taken against Charles Dusenbury.

The proceedings were taken under the act of 1831, against the defendant for assigning, removing or disposing of his property with intent to defraud creditors, and the plaintiff obtained a warrant under that act.

Prior to the obtaining the warrant, he had taken measures against the defendant in proceedings supplementary to execution under section 292 of the Code. Upon his application for the warrant under the act of 1831, he used the evidence taken in the supplementary proceedings for the purpose of obtaining the warrant. The judge before whom the proceedings were pending held that this evidence was improperly used for that purpose and must be rejected, and if stricken out, that there was not sufficient evidence to sustain the warrant.

*D. M. Porter*, for the relator. Certiorari is proper to review these proceedings. (*King* v. *Kirby*, 28 Barb., 49; *People* v. *Daly*, 4 Hun, 641; 5 Wait's Pr., 461; *Spencer* v. *Hilton*, 10 Wend., 608,

610; *Townsend* v. *Morrell*, 10 id., 578; *People* v. *Reed*, 5 Denio, 554; *Ex parte Robinson*, 21 Wend., 671; *People* v. *The Recorder*, 6 Hill, 429; *People* v. *Daly*, *supra*.) They are before a judge out of court, and not appealable under the act of 1854. (*Clark* v. *Gallagher*, 20 How. Pr., 308 [307].) They are not special proceedings. (*In re Dodd*, 27 N. Y., 632.) The judgment roll being a part of the evidence upon which the warrant was issued, cannot be controverted, but is conclusive. (*Krekeler* v. *Ritter*, 62 N. Y., 372.) A warrant may issue in all cases prescribed by this act. (*Latham* v. *Westervelt*, 26 Barb., 256; *The People* v. *O'Brien*, 6 Abb. [N. S.], 63 [Ct. of App.]; *Same* v. *Goodwin*, 50 Barb., 562.) The respondent erred in deciding that the supplementary proceedings could not be used in evidence in these proceedings. This is not a criminal proceeding. (*The People* v. *Underwood*, 16 Wend., 546 [549]; *Goodwin* v. *Sharkey*, 5 Abb. [N. S.], 66 [64]; *Berthelon* v. *Betts*, 4 Hill, 577 [581]; *Moak* v. *De Forrest*, 5 Hill, 605; *Hall* v. *Kellogg*, 2 Kernan, 325; *Spear* v. *Wardell*, 1 Comst., 144), but a mere remedy to collect the debt. (*King* v. *Kirby*, 28 Barb., 49; *Wheaton* v. *Fay*, 62 N. Y., 275.)

*Hall & Blandy*, for the respondent. The examination of the defendant in supplementary proceedings and the judgment roll in the case should not have been considered by the justice. (§ 292 of the Code; *Lathrop* v. *Clapp*, 40 N. Y., 332; see, also, *Forbes* v. *Willard*, 37 How., 193; *The People* v. *Samuel L. Underwood*, 16 Wend., 546.) This is a criminal proceeding. (*Lynd* v. *Montgomery*, 15 Wend., 461; *Moak* v. *De Forrest*, 5 Hill, 605; *The People ex rel. Latorre* v. *O'Brien*, 3 Abb. Ct. App. Dec.; S. C., 6 id. [N. S.], 63.) And the defendant having been tried and acquitted, he should not be placed in jeopardy again for the same offense. (N. Y. Constitution, § 6, art. 1; *Block* v. *The People*, 2 Parker's Crim. Rep., 676, and cases cited; *The People* v. *Goodwin*, 18 Johnson, 187, cited and approved; 24 N. Y., 82; 24 id., 101; 25 id., 421; 26 id., 183.)

DANIELS, J.:

The judgment on which the proceedings were instituted was recovered in an action brought by the relator, as receiver, to deter-

mine the title to certain moneys received by Dusenbury from the Chamberlain of the city of New York and for the recovery of such moneys. These moneys were affected by conflicting claims, and one of the objects of the action was to secure a determination of those claims, and to establish the right of the plaintiff, as receiver, to the moneys. It was prosecuted in the form of an action in equity. The relief demanded by the complaint was entirely consistent with the case it presented. That was that the plaintiff should be adjudged entitled to, and to be vested with, the property, estate and credits of the judgment debtor; that his preceding assignment should be adjudged fraudulent and void as to his creditors; that the Chamberlain of the city of New York should account to him for the debtor's moneys in his hands, and that he should have judgment against the defendants for the moneys received by them. The relief awarded was substantially that which was demanded. The assignment was set aside as fraudulent and a recovery was had in the relator's favor for the amount of the judgment debtor's moneys in the hands of the defendant Dusenbury, and upon this judgment proceedings for its collection were taken against him under the provisions of the act abolishing imprisonment for debt. The complaint in the receiver's action neither set forth in terms, nor in any manner alluded to any contract existing between himself or the judgment debtor and the defendant Dusenbury, either as a basis of the liability desired to be enforced and maintained or otherwise. It was, on the contrary, an action to set aside an assignment made by the judgment debtor, and for an accounting concerning the moneys received by the respective defendants. The defendant Dusenbury had received such moneys, claiming to be entitled to them under the authority of the assignment. But it was held that he had no such right and that the plaintiff, as receiver, should recover the money.

By the provisions of the non-imprisonment act a party can proceed against his debtor under it, when he has a demand upon which, according to the preceding provisions, the debtor cannot be arrested or imprisoned. (3 R. S. [5th ed.], 126, § 6.) And the cases in which, by such preceding provisions, the debtor cannot be arrested or imprisoned are those where the suit shall be brought for the recovery of any money due upon any judgment or decree founded upon contract or due upon any contract, express or implied, or for·

the recovery of any damages for the non-performance of any contract. (Id., § 1.) The prohibition against arrest and imprisonment contained in this section was not confined to what was understood to be actions at law for the recovery of moneys due upon, or for, the breach of a contract, but it also included actions in courts of equity; and where they were founded upon an express or implied contract, then the debtor, according to the express language of this section, could not be imprisoned upon any execution issuing upon the decree.

It was not necessary under these provisions of the statute that a contract should be averred as the foundation of the plaintiff's action in order to exonerate the defendant from arrest and imprisonment; but it was sufficient for that purpose that the suit should be for the recovery of money due upon contract, express or implied; and from the facts imperfectly stated in the complaint as they were, it could readily be seen that an implied contract existed in law for the payment of the moneys received by the defendant Dusenbury to the receiver, in case he had no right to receive and hold them upon the ground claimed by him. As the facts turned out, the moneys were received by the defendant Dusenbury, without right, and consequently for the use of the receiver; and the law therefore implied a promise against him to pay them over, as the judgment directed that to be done. (*Admr. of Dumon v. Carpenter*, 3 Johns., 183; *Buel v. Boughton*, 2 Denio, 91; *Cobb v. Dows*, 6 Seld., 335, 341.) This action was not one in which the defendant could be imprisoned upon an execution, for the reason that it was on an implied contract against him, and therefore he could be proceeded against under the non-imprisonment act. The action might have been prosecuted in a different form, but as it was not that fact cannot affect the plaintiff's right to maintain this proceeding. No wrongful act was alleged as the foundation of the action beyond the circumstances showing that the money had been secured without any actual right to it, and the judgment proceeded upon the same theory, so far as it was recovered against Dusenbury. It was simply that the plaintiff recover against him, personally, with costs, the sum adjudged to be in his hands. All that was stated conformed to the theory that the liability enforced was for money received by him under the claim of authority to act under the assignment. He had no such authority, and where

the assignment was set aside as fraudulent, it followed that he must account for, and pay over, the money he had received, and the law implied a promise against him that he would do so. The warrant was issued against the defendant upon an affidavit, and his own examination in proceedings supplementary to execution, taken on the judgment. He, himself, made an affidavit controverting certain facts contained in the affidavit presented on the part of the plaintiff. But the return does not show that he then, or at any previous time, objected to the admissibility of his own examination as evidence of the facts required to be established to support the proceeding; but afterwards it was objected that this examination could not be used for that purpose because of the provision contained in the Code of Procedure, that his answers at that time given, should not be used against him in any criminal prosecution or proceeding. (§ 292.) But although proceedings under the non-imprisonment act may be, to some extent, punitory in their nature, they are still not of the character known as criminal; their object, primarily, is the enforcement of civil remedies, and in this instance they were carried on for the purpose of collecting a debt, not to punish the defendant. The case of *People* v. *Underwood* (16 Wend., 546) arose upon an indictment and, for that reason, did not require the examination to be rejected as a basis of the present proceedings. Where the object sought is the punishment of the debtor for an offense committed by him, this provision of the Code requires the examination to be rejected, but it proceeds no farther than that, and no sound reason can be discovered for allowing the prohibition any greater latitude or effect. For the purpose of collecting his debt the creditor is entitled to a full and complete discovery of his debtor's affairs, under oath; and he may use answers given by him as pertinent evidence to support the enforcement of any civil remedy afforded by the laws of the State to secure that end. That such a proceeding is not criminal was held in the case of *Moak* v. *De Forrest* (5 Hill, 605), because the debtor could relieve himself from it by merely paying the debt, and the present proceeding was subject to the same provisions of the statute, which provided for a discharge upon payment, and by four other different modes of proceeding, designed to promote the remedy of the creditor, and to enable the debtor to relieve himself from it. (3 R. S. [5th ed.], 128, § 15.) The case of *Gilles-*

*pie* v. *Thomas* (15 Wend., 464) arose upon an arrest by warrant of a criminal nature, and for that reason it has no weight as authority in the defendant's favor. The proceeding should not have been, as it was, dismissed, but it should have been heard and disposed of upon its merits. For that reason the order made should be reversed and further proceedings directed before the judge having cognizance of them.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed and further proceedings directed.