MANLY LOOMIS, PLAINTIFF IN ERROR, *v.* THE PEOPLE
OF THE STATE OF NEW YORK, DEFENDANTS IN
ERROR.

*Indictments — when a caption is unnecessary — Conveying property with intent
to defraud creditors — what indictment therefor is sufficient — Examination of
the prisoner in supplementary proceedings — inadmissible on a criminal trial —
Code, § 292.*

When an indictment is removed from a superior to an inferior court a caption
thereto is unnecessary.

An indictment found against the plaintiff in error alleged that he knowingly and
willfully assigned and conveyed to Ellen Loomis all his right, title and interest
in and to certain lands therein described, "with intent to hinder, delay, cheat
and defraud E. H. Myers, Duett Rogers and divers other persons to the jurors
aforesaid unknown, the said E. H. Myers, Duett Rogers and the said divers
other persons to the jurors aforesaid unknown, then and there being creditors
of him," the said plaintiff in error.

*Held,* that the indictment was sufficient, and that it was not necessary to state in
it the character of the debts, or the manner in which they arose.

Upon the trial of an indictment charging one with conveying his property, at a
particular time therein specified, with intent to defraud his creditors, debts
contracted by him after the date mentioned in the indictment cannot be proved.

Upon the trial of an indictment for conveying property with intent to defraud the
grantor's creditors, the district attorney was allowed to prove that the prisoner
had been examined in supplementary proceedings, and that his signature to
the examination, which was produced in court, was genuine. The district
attorney then read from the examination, and asked the prisoner whether the
statements so read, or those which he had made upon the trial, were true.
These questions were allowed against the objection and exception of the
prisoner's counsel.

*Held,* that the evidence was inadmissible under Code, § 292.

WRIT OF ERROR to the Court of Sessions of Jefferson county.

The prisoner was indicted and convicted of conveying and dis-
posing of his property with intent to defraud his creditors.

The indictment was found in the Oyer and Terminer in Jeffer-
son county, and removed to and tried in the sessions of Jefferson
county. The indictment charged that the prisoner conveyed certain
property to Ellen Loomis, "with intent to hinder, delay and
defraud the creditors of him, the said Manly Loomis. And that the
said Manly Loomis was then and there the owner in fee of the afore-

said described premises, lands and tenements, and then and there did knowingly and willfully, and with intent to hinder, delay, cheat and defraud Ephraim H. Myers, Duett Rogers and divers other persons to the jurors aforesaid unknown (the said Ephraim. H. Myers and Duett Rogers and the said divers other persons to the jurors aforesaid unknown, then and there being creditors of him and the said Manly Loomis), convey the same and each of them to Ellen Loomis, by means whereof the said Ephraim H. Myers, Duett Rogers and the said divers other persons to the jurors aforesaid unknown, were then and there cheated, hindered, delayed and defrauded, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

"And the jurors aforesaid, upon their oaths aforesaid, do further present that Manly Loomis, of the town of Wilna, in the county of Jefferson and State of New York, on the 1st day of August, 1877, at the town of Wilna, in the county of Jefferson and State of New York, fraudulently, wickedly and unlawfully did secrete, assign, convey and otherwise dispose of his property, with intent to defraud Duett Rogers and Ephraim H. Myers, then and there being creditors of him, the said Manly Loomis, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity."

*Stephen R. Pratt*, for the plaintiff in error.

*Watson M. Rogers*, district attorney, for the defendants in error.

HARDIN, J. :

At the trial in the Court of Sessions in Jefferson county, after a plea of not guilty, and after the People had commenced giving their evidence, the prisoner objected that no evidence could be given, and moved to quash each count of the indictment upon the following grounds :

(1.) The indictment purports to have been found in the Oyer and Terminer, and there is no caption to the indictment. (2.) Nor does the record of this court anywhere show that there was

a competent court in session at the time, or who comprised the court, or that any grand jury was then and there sworn, or the names of the jurors.

The objection was overruled, and the motion to quash was denied, and the prisoner took an exception.

The caption and commencement to the indictment was as follows :

STATE OF NEW YORK, } *ss.* :
  *Jefferson County.* }

At the Court of Oyer and Terminer, held in and for the county of Jefferson, at the court house, in Watertown, on the 10th day of June, in the year one thousand eight hundred and seventy-eight, the grand jurors of the People of the State of New York, in and for the body of the county of Jefferson, *upon their oath*, do present that Manly Loomis, of the town of Wilna, in the county of Jefferson and State of New York, on the 1st day of August, in the year of our Lord one thousand eight hundred and seventy-seven, at the town of Wilna, in the county of Jefferson and State of New York, knowingly and willfully became and was a party to, and knowingly and willfully did make an assignment and conveyance to Ellen Loomis of the right, title and interest that he, the said Manly Loomis, then and there had in and to the lands and tenements hereinafter described, to wit :

Subsequently, when the record of conviction was made up and which is now before us, a full and complete caption was inserted.

We think there was no error in denying the motion to quash the indictment. The indictment had been removed from a superior to an inferior court. (Wharton's Prec. and Pleas, p. 1, note F.; *The People* v. *Guernsey*, 3 Johns. Cas., 265; Bishop on Crim. Proc. [2d ed.], §§ 665, 666; *People* v. *Jewett*, 3 Wend., 320; *People* v. *Bennett*, 37 N. Y., 117; *People* v. *Haynes*, 55 Barb., 450.)

The indictment avers that the prisoner conveyed his real estate, naming it, to one Loomis, with intent to defraud creditors.

Some of the creditors are named and others are stated to be unknown to the grand jurors.

(1.) The conveyance of the property is distinctly averred.

The intent to defraud creditors of the prisoner is likewise distinctly averred and two of them named.

We think the averments sufficiently definite under the language of the statute. Objection to the mere form of the indictment should be taken advantage of by demurrer or motion before the trial. (*Berry* v. *People*, 8 Weekly Digest, 15; *King* v. *Matthews*, 5 Term Reports, 162.)

The character of the debt or the manner in which it arose need not be stated, in order to support the averment of the indictment that the conveyance was made *with intent to defraud* creditors of the prisoner. (*People* v. *Underwood*, 16 Wend., 546; Laws of 1831, chap. 300, § 26, p. 402.)

Under the indictment it was competent for the People to show the conveyance by the prisoner by deeds, or mortgages of his property, with intent to defraud " any creditors."

And, secondly, to establish the existence of debts at the time of the averment in the indictment named, the conveyance or disposition of the property.

But we do not see how it was competent to establish indorsements made, or debts created, after the alleged crime was committed. Such evidence was offered and objected to by the prisoner's counsel and received and an exception taken, and the counsel for the prisoner subsequently moved to strike out " all evidence of indebtedness which occurred after August 1, 1877, on the ground that it is incompetent and immaterial and has no bearing upon the charge." The motion was denied and an exception taken. The statute declares it a crime to convey property with intent to defraud " any creditor," and seems to refer to debts and creditors then in existence.

The prisoner was sworn as a witness in his own behalf, and the learned district attorney cross-examined him, and drew from him the fact that he had been previously examined before one Gilbert, in proceedings supplementary to execution. The prisoner stated his signature to the examination and evidence to be genuine. That was objected to by the prisoner's counsel, as prohibited by statute, as incompetent and immaterial. The court overruled the objection and exception was taken by the prisoner. Then the witness said he signed the evidence taken, and the district attor-

ney quoted from the minutes of that former examination, and the witness was asked as to which was true, statements made upon this trial or statements in the evidence quoted from the supplementary proceedings.

Section 292 of the Code of Procedure regulating supplementary proceedings provides, viz.:

" No person shall, on examination pursuant to this chapter, be excused from answering any question on the ground that his examination will tend to convict him of the commission of a fraud ; but his answer shall not be used as evidence against him in any criminal proceeding or prosecution." * *

By quoting his answers in the supplementary proceedings and contrasting them with his evidence upon this trial, and asking him which were true, the " answers " were used in this criminal prosecution against the prisoner and in violation of the provision of section 292 of the Code of Procedure. The ruling and the reception of such evidence or portions of his " answers " were erroneous. (*Forbes* v. *Willard*, 54 Barb., 520 ; *Barber* v. *People*, 17 Hun, 366.)

The evidence in the supplementary proceedings was not voluntary ; the law required him to " answer." (Code of Procedure, § 292 ; *People* v. *Hendrickson*, 1 Park. C. R., 406.)

We cannot say how much this contrasting of the statements made by the prisoner may have affected his credibility with the jury. He had given evidence tending to establish his innocence, and had the jury believed him, they might have acquitted instead of convicted him of the crime charged in the indictment.

For this error occurring upon the trial, we must set aside the verdict of conviction and reverse the judgment, and remit the proceedings to the Court of Sessions of Jefferson county, with directions for a new trial.

TALCOTT, P. J., and SMITH, J., concurred.

Conviction and judgment reversed and proceedings remitted to the Court of Sessions of Jefferson county, with directions for a new trial.