HAMILTON F. KEAN and Others, Members of the Copartnership of KEAN, TAYLOR & Co., Respondents, *v.* MARYLAND CASUALTY COMPANY, Appellant.

First Department, July 2, 1924.

Insurance — larceny insurance — action to recover value of United States Treasury certificates of indebtedness stolen from plaintiffs — defense that plaintiffs filed claim in bankruptcy against thieves and thereby elected to treat theft as sale — reply is sufficient which alleges that proof of claim in bankruptcy showed larceny and bankrupts were subsequently indicted and one pleaded guilty.

In an action upon a policy of larceny insurance to recover for the theft of United States Treasury certificates of indebtedness in which the defendant interposed a defense that the thieves were adjudicated bankrupts and that the plaintiffs with full knowledge of matters alleged in the complaint filed a proof of claim against the bankrupts and thereby elected to treat all dealings between themselves and the thieves as a sale of the certificates, a reply interposed by the plaintiffs is sufficient which alleges that the Treasury certificates were obtained from the plaintiffs by the thieves through false and fraudulent pretenses by one of them, that the thieves were thereafter adjudicated bankrupts and a proof of claim was filed showing the larceny of the certificates and that prior to filing the claim the thieves were indicted for the crime of obtaining the certificates by false pretenses, and one of them pleaded guilty.

The act of the plaintiffs in filing the claim in bankruptcy against the thieves, in which they alleged that the basis of the claim was the theft of the securities, did not change the existing facts as to the crime nor constitute a surrender of the right of the plaintiffs to recover on the insurance policy, although any recovery realized on the claim in bankruptcy will tend to reduce the loss to the insurance carrier.

APPEAL by the defendant, Maryland Casualty Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1923, denying defendant's motion to strike out the separate defense in plaintiff's reply to the first separate defense set up in defendant's amended answer.

*Edward J. Dowling* [*Millard F. Tompkins* of counsel; *Jacob J. Alexander* with him on the brief], for the appellant.

*Robert M. McCormick,* for the respondents.

MARTIN, J.:

This action was brought upon a policy of insurance, issued by defendant and designated as " Bankers' and Brokers' Blanket

Bond," to recover $250,000 on account of the loss of $450,000 par value of United States Treasury certificates of indebtedness belonging to plaintiffs, which loss it is alleged was sustained on November 18, 1922, through larceny effected by James B. Borden and Ernest A. Knoblauch, or one of them.

For the purpose of avoiding a claim of variance on the trial as to just where the larceny was effected, the complaint sets forth the loss in four counts, and refers to the policy, a copy of which is attached to the pleadings.

After answering, defendant served an amended answer containing substantially a general denial, excepting that it admitted the issuance of the policy. of insurance or bond in suit. As a first defense, the amended answer alleges, in substance, that on November 23, 1922, Borden and Knoblauch were adjudicated bankrupts by the United States District Court for the Eastern District of Pennsylvania; and that on June 11, 1923, plaintiffs, with full knowledge of the matters set forth in the complaint, filed a proof of claim against the estates in bankruptcy of Borden and Knoblauch for $442,153.88, as the value of the certificates of indebtedness referred to in the complaint; and that thereby plaintiffs elected to treat the dealings between themselves and Borden and Knoblauch as a sale to the latter of such certificates.

Defendant then moved for an order requiring plaintiffs to reply to this first separate and distinct defense set up in the amended answer, and to elect between the causes of action alleged in the complaint. The motion was granted to the extent of requiring a reply, but was otherwise denied.

Plaintiffs served a reply denying many of the allegations of defendant's first defense, and then alleged that the treasury certificates of indebtedness referred to in the complaint were obtained from plaintiffs by Borden and Knoblauch through false and fraudulent pretenses made by Knoblauch; that Borden and Knoblauch were on December 29, 1922, adjudicated bankrupts; that a proof of claim against their estates in bankruptcy was on June 11, 1923, filed by plaintiffs; that on November 22, 1923, an amended proof was filed; that, upon complaint of plaintiffs, Borden and Knoblauch were on February 21, 1923, indicted in Philadelphia for the crime of obtaining such certificates from plaintiffs by false pretenses; and that on August 16, 1923, Knoblauch pleaded guilty to such indictment.

In the complaint the charge of larceny is made in the language of the policy of insurance, and on the motion made by defendant it was held that it stated facts sufficient to constitute a cause of action. The reply now sets forth the facts constituting the

larceny; in other words, the reply alleges the facts as they are, the complaint, according to their legal effect.

Under rule 111 of the Rules of Civil Practice, defendant moved to strike out the defense in the reply on the ground that it was insufficient in law upon the face thereof.

The defendant asserts that by filing a claim in bankruptcy plaintiffs made an election and may not now sue upon the bond for a larceny. Although it is true that plaintiffs filed a claim with the referee in bankruptcy, they alleged facts to show there was a larceny, which facts we must now accept as true. By adopting a fiction of the law to hold the thieves directly liable, so far as it was possible to do so, they did not change the existing facts which show that the crime referred to had been committed. Nothing that plaintiffs could do would change the crime against the State into a contract. The thieves were liable as on contract for the value of what was stolen.

In *Fagnan* v. *Knox* (66 N. Y. 525, 532) the court said: " An action for money had and received will lie for money obtained by fraud or embezzlement. In all such cases the law implies a promise to pay. [*Boardman* v. *Gore*, 15 Mass. 336; *Administrators of Dumond* v. *Carpenter*, 3 Johns. 183; *Causidiere* v. *Beers*, 1 Abb. Ct. App. Dec. 333.] The defendant had a legal right to settle with the plaintiff, and receive payment for the amount abstracted as and for a debt upon an implied contract, and such settlement was no bar to a criminal prosecution, nor did it furnish evidence that the defendant did not believe that the money had been embezzled."

Realization on such liability tends to reduce the loss to the insurance carrier. It might have cause for complaint if no attempt at such realization had been made. Such attempt to recover against the thieves or their estates on the basis afforded by law does not change the facts as to the crime, nor constitute a surrender of the right of the assured to recover on the insurance agreement issued for the purpose of protecting against loss resulting from the crime. In order that there be an allowance of such a claim in bankruptcy, the larceny must be proved; and that is what plaintiffs must prove to recover in this action. It is not waived or forgiven, for it is the foundation of the claim, the allowance of which is sought before the referee in bankruptcy.

The reply is, therefore, sufficient, and the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.