Buel *v.* Boughton.

## Buel *vs.* Boughton.

Assumpsit for money had and received is an equitable action, and generally raises the question to which party *ex æquo et bono* the money belongs.

Accordingly, where the plaintiff gave a note for a demand bearing interest, but which through mistake was not made payable *with interest* to A., who transferred it to B., who transferred it to the defendant, and upon each transfer it was supposed by the parties to be on interest and was received and accounted for accordingly; and when it became payable the plaintiff also supposing it to be on interest paid the amount *with interest thereon;* HELD, in assumpsit for money had and received brought to recover it back, that the plaintiff could not recover.

ERROR to the Onondaga C. P. Buel sued Boughton for money had and received to his use; and the case was substantially as follows: One Charlotte Smith held a bond against the plaintiff for $2650, payable in six equal annual instalments, with annual interest from April 1st, 1843. James H. Fuller, in right of his wife, owned and had an interest in the bond to the amount of $498,10. On the first day of April, 1843, the plaintiff gave James H. Fuller his negotiable promissory note for said sum of $498,10, having more than two years to run. The plaintiff agreed to make the note payable *with interest;* but interest was left out of the note by mistake in drawing it. On the day of the date of the note Charlotte Smith indorsed and receipted the amount of the note

or the bond. On the day the note was given, James H. Fuller transferred it to Almerin Fuller, who indorsed the amount of the note on a bond which he held against James, which bond was on interest. This was done on the supposition that the note was also on interest. About twenty days afterwards Almerin Fuller transferred the note to the defendant, who indorsed the amount of the note, and of the interest which was supposed to have then accrued upon it, on a bond which he held against Almerin Fuller, which bond was on interest. On the 23d of May, 1845, the plaintiff paid the note to the defendant, and by mistake, supposing the note to have been written with interest, paid the defendant $71,20 for interest on the note, and took it up. The plaintiff brought this suit to recover back the sum so paid by mistake for interest. The defendant set up the other facts which have been mentioned as an answer to the action; and the court decided in his favor. A verdict and judgment having passed for the defendant, the plaintiff now brings error on a bill of exceptions.

*G. W. Noxon,* for the plaintiff in error, cited 13 *Wend.* 488; 1 *Doug.* 188; 5 *Wend.* 307; 19 *id.* 557; 7 *Mass.* 479; *Chit. on Bills,* 273, *ed. of '*39; 2 *Hill,* 188.

*Noxon, Leavenworth & Comstock,* for the defendant in error, cited 13 *Wend.* 488.

*By the Court,* BRONSON, Ch. J. This is a remarkable case. The plaintiff first omitted, by mistake, to make the note payable with interest, as he should have done; and then, by another mistake, he corrected the first error by paying interest, when the note itself imposed no such obligation. And thus by two blunders the parties have come out right at last. Or at least, the plaintiff has paid no more than he ought to pay; and there would be no ground for an action to recover back the money paid for interest, if the payment had been made to James H. Fuller, the payee of the note, against whom the first mistake was made. One party would in that case have paid, and the

other received just what in justice and honesty ought to be paid and received.

But the payment was not made to James H. Fuller; and this leads me to notice that not only the plaintiff and James H. Fuller acted from beginning to end under the mistaken supposition that the note was made payable, as it should have been, with interest; but the note was twice transferred, and both Almerin Fuller and the defendant took it under the same mistake of supposing it carried interest. Now as against the plaintiff, James H. Fuller had an equitable claim to have the mistake corrected, so as to give him interest on the debt. Then Almerin, having taken and paid James for the note as though it were on interest, had an equitable claim to have the mistake corrected, so as to give the interest to him. The same thing is true as between the defendant and Almerin. The defendant took and paid him for the note as though it carried interest. And thus by a series of mistakes the equitable claim to interest which was originally in James, passed from him to Almerin, and from Almerin to the defendant; so that, at the time the money was paid, the defendant was the person who was equitably entitled to receive it. He could not have sued the plaintiff for it at law in his own name; but in a court of equity the money would have been awarded to him, and not to James H. Fuller. It has come into the defendant's hands without suit, and from the person who ought to pay it; and I see no sufficient reason for requiring it to be refunded. Whether the defendant could sue at law in his own name to recover the money; or whether, having fairly got it, this action for money had and received to the plaintiff's use can be maintained, are very different questions. This is an equitable action, which may be defended upon the same equitable principles as those upon which it is maintained. As a general rule, the question is, to which party *ex æquo et bono* does the money belong; and in this case, I think it belongs to the defendant, who has got it. Let us suppose that the plaintiff had refused to pay the interest to the defendant; but, being liable to pay it to some one, he had paid it, either voluntarily or by compulsion, to James H. Fuller, between whom and the plaintiff the

original mistake was made. James might then have been compelled to pay the money to Almerin; and Almerin to the defendant. Or if we begin at the other end, the defendant might have fallen back upon Almerin, and compelled him to correct the mistake by paying the interest; Almerin could have gone back in like manner upon James; and James upon the plaintiff. And so in any way of viewing the matter, the plaintiff was bound in equity and good conscience to pay the money; and the defendant was the man who in equity and good conscience was entitled to receive it. He has got it; and to allow the plaintiff to recover it back, would be to make this the first in a circuit of four actions which would end in leaving the money just where it was at the beginning.

It is said that although the plaintiff has paid the interest to the defendant, he may be compelled to pay it again in an action on his bond to Mrs. Smith. But I think not. It fully appears that the principal sum of money for which the note was given belonged to James H. Fuller; and of course he was entitled to the interest which should afterwards accrue on that sum. If the indorsement made on the plaintiff's bond would not of itself preclude Mrs. Smith from recovering the interest in question, it would clearly be enough to show in addition, that the plaintiff had corrected the error by paying the interest. But if the plaintiff should succeed in recalling the money, then undoubtedly Mrs. Smith, on proving the mistake in giving the note, and that the plaintiff had not corrected it, might recover this interest for the benefit of James H. Fuller. But by leaving the money where it is, the whole series of mistakes will be corrected, and all parties, unless it be the plaintiff, will be satisfied.

Judgment affirmed.