## WARREN ACKERMAN, Appellant, *v.* THE COBB LIME COMPANY, Respondent.

*Money had and received — recoverable only when, in view of the amount similarly received by the plaintiff, it is equitably due.*

In an action for money had and received, it appeared that one Brown acted as the common agent of the plaintiff and of the defendant, selling cement on commission for the plaintiff, and lime on commission for the defendant; and that a number of promissory notes, which had been received by Brown in payment for cement which he had sold on behalf of the plaintiff, had been turned over to the defendant to represent the proceeds of sales of lime which he had effected on behalf of that company.

It also appeared that the plaintiff had received from Brown a considerable sum represented by notes given to Brown in payment for lime which he had sold on behalf of the defendant.

It did not appear whether the plaintiff or the defendant had thus received the larger amount in the form of such notes.

*Held,* that the referee properly dismissed the complaint on the ground that the evidence was insufficient to warrant a recovery by the plaintiff.

APPEAL from a judgment entered in the office of the clerk of the county of New York December 7, 1887, upon the report of the referee dismissing the plaintiff's complaint.

*R. M. & D. P. Hall,* for the appellant.

*Wheeler H. Peckham,* for the respondent.

BARTLETT, J.:

This is an action for money had and received. One John R. Brown acted as the common agent of the plaintiff and the defendant, at the city of New York, selling cement on commission for the plaintiff, and lime on commission for the defendant. In November, 1884, he made a general assignment for the benefit of his creditors, and he subsequently absconded; whereupon it was discovered by the plaintiff that a number of promissory notes, representing upwards of $4,000, which had been received by Brown in payment for the plaintiff's cement, had been by him turned over to the Cobb Lime Company on account of sales of lime which he had effected in behalf of that company. The plaintiff brought the present suit to recover the aggregate amount which the defendant had

realized upon such notes. A general denial was interposed to the complaint, and the case was sent to a referee. Upon the trial, the parties entered into a stipulation which permitted either party to read entries from the account of the other as contained in the books of Brown, the common agent. When all the evidence was in, it appeared not only that the Cobb Lime Company had received from Brown a considerable amount in the form of notes given to him in payment for the plaintiff's cement, but, on the other hand, that the plaintiff had received from Brown a considerable amount in the form of notes given to him in payment for the Cobb Lime Company's lime. At the close of the case, it was admitted by the counsel for the plaintiff that the proof did not disclose whether, during the course of Brown's common agency, the plaintiff or the defendant had received the larger amount of notes given for the lime or cement of the other party. Thereupon, the referee dismissed the complaint, on the ground that the evidence was insufficient to warrant a recovery by the plaintiff, and from the judgment entered upon his report the plaintiff, has appealed. The action is clearly maintainable (*Hathaway* v. *Town of Cincinnatus*, 62 N. Y., 434); and the only doubt which arises as to the correctness of the disposition made of it by the learned referee is due to the form of the answer.

If there had been a plea of set-off or counter-claim based on the fact that the plaintiff had received from the common agent an amount derived from sales of the defendant's lime, which equaled or exceeded the amount received by the defendant that had been derived from sales of the plaintiff's cement, it would be clear that the plaintiff could not recover if the evidence failed to show that the defendant had obtained more of his money than he had obtained of the defendant's money. But the proofs to sustain the claim of an equitable set-off were admitted under the stipulation which has been mentioned, and the effect of this stipulation was to entitle the defendant to have the case treated as though such set-off had been pleaded.

There is another view in which the judgment may be sustained. The proceeds of the sales of cement and lime in the hands of the common agent may be regarded as constituting one fund out of which he undertook to pay each party the share to which that party was

312   PEOPLE ex rel. Z. S. N. CO. v. COMRS. OF TAXES.

First Department, January Term, 1889.

entitled. Under the equitable principles which apply to actions for money had and received, the plaintiff must show that he ought to have the money for which he sues *ex æquo et bono*. (*Buel* v. *Boughton*, 2 Denio, 91.) It would ill accord with equity or good conscience to allow a plaintiff to recover money as having been wrongfully or erroneously paid by a common agent to another principal, without crediting to that principal such money of his as had been similarly paid to the plaintiff by the common agent. The plaintiff's recovery, in a case of this kind, must be limited to the excess which the defendant may have received out of the moneys or securities, partly belonging to each, in the hands of their common agent.

We have not overlooked that portion of the brief for the appellant in which it is argued that the evidence is not defective in failing to show which party received the larger amount of the other's notes, but we deem the admission on that subject at the close of the testimony conclusive as to this point.

The judgment should be affirmed, with costs.

Daniels, J., concurred; Brady, J., concurred in the result.

Judgment affirmed, with costs.