ALPHA A. ROBERTS, Appellant, *v.* WILLIAM ELLWOOD Impleaded, etc., Respondent.

(Argued June 26, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 17, 1886, which reversed a judgment in favor of plaintiff, entered upon a verdict and granted a new trial.

Moses P. Roberts, the original plaintiff herein, in October, 1876, purchased of defendants certain premises, giving his bond, secured by two mortgages, one on the lands purchased to secure the purchase-price. He made various payments on the bond, but in October, 1879, being in default, defendants commenced a foreclosure of the mortgages. On November 6, 1879, this action was discontinued and the bond and mortgages canceled upon payment by Roberts of $260 and a reconveyance of the premises. In June, 1880, Roberts began

this action, alleging, in the first count of his complaint, that on December 26, 1877, he paid defendant $585.15, which was not indorsed on the bond, and "was not applied on said debt by reason of such mistake, and said mortgage was paid in full, besides the amount mentioned in said receipt, and the same was duly discharged by the defendants, and said foreclosure action was discontinued and settled." In a second count it is alleged that on December 26, 1877, the defendants received $585.15 to apply on the bond and mortgage, which they failed to apply, and are indebted to plaintiff in that amount for money had and received, with interest.

The plaintiff, after the appeal to this court, assigned his interest to Alpha A. Roberts, who was substituted in the place of the original plaintiff.

The following is the opinion:

"The case is barren of evidence tending to show that the settlement of November 6, 1879, was made on the basis of the amounts which either, or both parties, then supposed had been paid on the bond. It does not appear that the several indorsements were compared with the receipts held by the mortgagor, or that the payment represented by the indorsements on the bond and receipts held by the mortgagor were even aggregated, or the amount unpaid on the bond ascertained. It does not appear that the value of the land at the date of the settlement was agreed on, or even estimated. The first cause of action, which rests on the theory that the plaintiff had paid his bond in full, without taking into account the sum of $585.15 in dispute, is without any support in the evidence.

"The second cause of action for money had and received, is a kind of an equitable action, in which the recovery, if had, must be according to what is just and good, *ex æquo et bono.* (*Colvin* v. *Holbrook,* 2 N. Y. 126, 130; *Kingston Bk.* v. *Eltinge,* 66 id. 625; 4 Wait's A. & D. 469; 1 Selwyn's N. P. [13th. ed.] 96). To have entitled the plaintiff to recover under this count the evidence should have shown that the defendants had received money from the plaintiff which, in good conscience, the defendants ought not to have retained. To have established this the plaintiff might have shown that the defendants

defrauded him, but there is no allegation or evidence of fraud; or he might have shown that there was a mistake, which resulted injuriously to him. But, as before stated, there is no evidence that the value of the land reconveyed was agreed upon, or talked about, or that the amount which the plaintiff had paid upon the bond was agreed upon, or talked about. If the verdict could be sustained, the terms of settlement would be altered, and, instead of plaintiff paying November 6, 1879, $260 and reconveying the land for a discharge of his bond and both mortgages, he would receive from the defendants $325.15. There is no evidence that either party contemplated such a result, much less that the defendants would have agreed to it.

" The plaintiff cites *Calkins* v. *Griswold* (11 Hun, 208); *Wheadon* v. *Olds* (20 Wend. 174). In these cases articles were sold at a price agreed on, and the amount due was ascertained by a computation of quantities, the aggregate of which was afterwards discovered to have been considerably less than the aggregate mutually supposed to have been delivered, and for which the plaintiff, in each case paid. It was held that the amount overpaid might be recovered in an action for money had and received. There is no doubt about the correctness of these decisions. This question has long been well settled. But we have attempted to show, and as the General Term proved, the elements in the cases cited and on which the recoveries were based, are entirely absent from the case at bar.

" The order should be affirmed, and a judgment absolute ordered against the appellant on his stipulation. with costs."

*W. Woodbury* for appellant.

*A. C. Calkins* for respondent.

FOLLETT, Ch. J., reads for affirmance of order and for judgment absolute against plaintiff on stipulation.

All concur, except BRADLEY and HAIGHT, JJ., not sitting. Order affirmed and judgment accordingly.