NATHAN S. STARR, RESPONDENT, v. SARAH M. STARR, APPELLANT, IMPLEADED WITH OTHERS.

*Will giving the income of one-third of the testator's estate to his widow — when it is not subject to taxes — when it is in lieu of dower.*

A testator, by the fourth clause of his will, gave to his wife the use and income of one-third part of certain real property in the city of New York during her natural life. By the sixth clause thereof he directed his executors to lease that portion of the real estate not theretofore bequeathed, being two-thirds of the property mentioned in the fourth clause of the will, "from time to time to collect the rents and income thereof, to pay all taxes, expenses and repairs, and all other charges thereon, and to divide the residue of the income thereof, and pay the same in equal proportions to my five children (naming them) during their natural lives, and after their death I do devise and bequeath the same to their heirs in fee forever."

*Held*, that the widow was entitled to one-third of the gross rents or profits of this property.

That the executors were required, out of the rents and income of the other two-thirds of the lands, to pay the taxes and repairs, and all other charges on the whole land and to divide the residue of the income thereof among the children.

It appeared that the only real estate owned by the testator was the property mentioned in the foregoing items of his will.

*Held*, that it was to be inferred, from the directions contained in the will, that the testator intended that the provisions therein made in favor of his widow should be accepted in lieu of her dower interest in his estate.

APPEALS by the defendant, Sarah M. Starr, from an interlocutory order or decree of September 26, 1887, entered in the office of the clerk of the county of New York, and from a final judgment of June 13, 1888, also entered in said clerk's office, in an action for the partition and sale of certain real estate.

*Albert Mathews*, for the appellant.

*Theodore H. Silkman* and *Frederick H. Mann*, for the respondent.

DANIELS, J.:

The plaintiff's right to maintain the action for the partition and sale of the two parcels of real estate described in the judgment has not been questioned. But, as a part of the judgment which has been recovered the defendant has been declared to be liable for moneys received by her as a tenant for life, which she has been required,

in part, to refund to the plaintiff, and, in part, to other defendants in the action. These moneys for which she has been held liable represent taxes and other charges upon one-third of the two parcels of real estate. They were owned by her husband at the time of his decease. He left a will, including in the fourth and sixth paragraphs a disposition of these parcels of land. By these paragraphs it was declared :

"*Fourth.* I give and bequeath to my wife, Sarah Maria, the use and income of one-third part of my house and lot of land, situate and lying in the city of New York, and known as number seven Great Jones street; also one-third of the use and income of my store and lot of land in the city of New York, and known as number five Barclay street, during her natural life.

" *Sixth.* I authorize and direct my said executors, or such of them as shall take upon themselves the execution of this will, the survivor or survivors of them, to lease or rent that portion of my real estate not heretofore devised, being two-thirds of my house and lot of land known as number seven Great Jones street; also my store and lot of land known as number five Barclay street, from time to time to collect the rents and income thereof, to pay all taxes, expenses and repairs, and all other charges thereon, and to divide the residue of the income thereof, and pay the same in equal portions to my five children, Nathan S. Starr, Harriet W. Barry, Zalomon W. Starr, Mary E. Starr, Frederick A. Starr, during their natural lives, and after their death I do devise and bequeath the same to their heirs in fee forever."

And the persons in the management of the property, under the authority of the executor, paid over to the defendant, as the widow, one-third of the gross rents or profits of these two parcels of land. It was held at the trial that this was an unauthorized disposition of such proceeds, so far as taxes and the expenses of necessary repairs were paid, upon this one-third. And that for the amounts received by her to this extent she should be held accountable to the other parties, who, by the sixth paragraph of the will, were interested in the estate.

But in the fourth paragraph the use and income of one-third of these parcels of land were unqualifiedly devised to the widow. It is true, if this devise stood by itself, and was all that was con-

tained in the will relative to her life estate, that she might legally be obliged to bear the necessary expenses of keeping her one-third of the property in repair and of paying the taxes and assessments upon that third. But by the sixth paragraph the testator appears to have had this subject particularly in mind. His attention was directed to these charges and to the propriety of making a provision for their payment in the will. And if he had been disposed to subject this third to the payment of any part of these charges, it is reasonable to suppose that he would have so declared in the fourth paragraph of his will. But he failed to do that or to make any allusion whatever to this subject. That was reserved for the sixth paragraph, by which the other two-thirds of the rents and profits of these parcels of land were directed to be disposed of. And by the directions which he then gave, his executors or the survivor of them, were required, out of the rents and income of the other two-thirds of the land, to pay all taxes, expenses and repairs, and all other charges thereon, and to divide the residue of the income thereof among his children. His intention was not clearly expressed by the employment of this language as it was used. But it was sufficiently so to support the inference that the taxes, expenses and repairs were not intended to be divided, but were to be wholly paid out of the proceeds of the rents and profits of this two-thirds of the land. If that had not been the testator's design it is reasonable to believe that a direction concerning this subject would have been inserted in the fourth paragraph of the will. Or if it had been the intention to leave the burden of taxes and repairs on the property, as that should be imposed upon it by law, then it may be presumed that no reference whatever to the payment of taxes and expenses would have been inserted in any part of the will. That, however, was not his design, but it was to provide for the payment of taxes and expenses out of the income of the property. And from that income his direction was to his executors to pay all taxes, expenses and repairs and charges thereon.

Literally, it is true this would confine the payments to the taxes and expenses of the two-thirds. But the language employed by the testator is not required to be taken and construed literally, where, from other parts of the will, and the objects he probably had in his mind, it appears that such a construction would not be warranted.

And in this instance the circumstance that he gave to his widow, without qualification, the use and income of one-third of this property, and confined his directions concerning the payment of taxes and expenses to the income of the other two-thirds, are indications that he intended she should be allowed to receive one-third of the gross amount annually yielded by the land, and that the taxes and expenses should be paid from the other two thirds. This is confirmed by the final direction that after the decease of his children he devised and bequeathed the property to their heirs in fee forever. This devise he could not have intended to restrict to the two-thirds previously mentioned in the paragraph. His purpose was to dispose of his estate by his will. And in conformity with that purpose this final clause of the paragraph should be construed to include the entire estate in these parcels of land and to entitle the heirs of his children, not only to the two-thirds reserved for their benefit, but also to the one-third in which he created the life estate for the support and maintenance of the widow. And under this construction of the will she has received no more out of the income of the property than she was entitled to under the directions given by the testator.

The testator died in December, 1856. And previous to the 18th of October, 1858, a controversy had arisen in which she claimed to be entitled to dower in the land in addition to her right to one-third of the rents and profits, and an action was brought by her to establish that right. But as the real estate of the testator consisted wholly of these two parcels of land, it is to be inferred from the directions contained in the will that he intended those made in favor of the widow to be in lieu of dower. For he disposed of the entire rents and profits, as well as of the fee, of the other two-thirds of the property. And it would defeat that disposition in part, as it was directed, to hold her to be entitled to dower in this land in addition to her right to receive one-third of its income. And where that is found to be the case, there the directions contained in the will are required to be construed as excluding the right to dower. (*Matter of Estate of Zahrt*, 94 N. Y., 605; *Konvalinka* v. *Schlegel*, 104 id.; 125.)

But while this controversy remained unsettled an agreement was made between the widow and four of the children of the testator for its adjustment, and that agreement, though not specially set forth in the answer, was received by apparent consent upon the hearing.

And, by the agreement, her right to receive one-third of the rents and profits of the land, undiminished by taxes or expenses of repairs. was conceded and agreed to. The plaintiff subscribed this agreement. It was made to adjust a dispute between these parties and the widow, and included the controversy as it existed between them, she surrendering her claim for dower, and the other parties agreeing to her right to receive one-third of the gross profits of the land. And from that time she was paid one-third of the gross rents of these two parcels of land. And having received such rents in this manner, after the making and execution of this agreement by the plaintiff, he was precluded from claiming or recovering any part of the money she received pursuant to this authority. And so were the other persons likewise who subscribed this instrument.

Besides that, the money was voluntarily paid to the widow under a claim of right on her part, and with a complete knowledge of all the facts on the part of the persons making, or affected by, the payments. And where payments are made in that manner, the law will not afterwards allow the act to be disaffirmed and the money to be recovered from the person so receiving it. (*Cox* v. *Mayor*, etc., 103 N. Y., 519.)

The judgments, so far as they impose this liability upon the widow, are erroneous, and they should be reversed, with costs to her to abide the event, unless the parties shall, within twenty days after notice of the decision, stipulate to modify the judgments by relieving her from this liability, and correspondingly reducing the allowance made by way of costs to them out of the proceeds of the property. And if such stipulation shall be given, then the judgment should be affirmed as modified, without costs of the appeal to either party.

VAN BRUNT, P. J., and BARRETT, J., concurred on parties stipulating to modify judgments as stated in opinion; the judgments, as so modified, affirmed, without costs of the appeal to either party.