See Banks v. Bensky, *ante.*

---

ISAAC WOLFF, Appellant, *v.* EDWARD FLATOW *et al.*, Respondents.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Money had, etc.   Action.*—An action for money had, etc., cannot be maintained for money never actually received, though defendant has given credit therefor on a debt due him from the person with whom plaintiff had deposited such amount.
2. *Same.   Pleadings.*—The complaint in this action for money had and received was held insufficient.

Appeal from a judgment sustaining a demurrer to the complaint, interposed upon the ground that it does not state facts sufficient to constitute a cause of action.

*Adolph Cohen,* for appellant.

*David Leventritt,* for respondents.

VAN BRUNT, P. J.—In brief, the allegations of the complaint seem to be that in July, 1888, one Charles Brown

entered into a written agreement with one Harris Flatow for the sale of certain real estate in the city of New York, Flatow depositing with Brown the sum of $500, to be applied upon the purchase price if Flatow completed the purchase, and to be returned to Flatow if the title failed.

That in August, 1888, Flatow sold and assigned said agreement and all rights thereunder to one Jette Nathan. That Brown was unable to give title as agreed; that Nathan was ready and willing to carry out the agreement; that in October, 1888, Flatow assigned his interest in said $500 to the defendants, and Brown was induced to allow to them said $500 on the purchase price of the premises. In other words, that Nathan having refused the title to the property in question, the defendants took said title, and Brown allowed to them the $500 which had been paid upon the purchase price.

The complaint contains the further allegation that Nathan duly sold and assigned to the plaintiff all her rights to the premises, and to the $500. The defendant demurred to this complaint, which demurrer was sustained, and from the judgment thereupon entered this appeal was taken.

If Brown had paid to the defendants the $500 in question, it might, perhaps, be claimed upon the part of the plaintiff that he had a right to recover that sum upon the ground that the $500 was money had and received to the use of the plaintiff or his assignor. But such is not the fact. The defendants have never received the $500. Brown has only chosen to credit them with $500 on account of a sum due from them to him, Brown. With this plaintiff has nothing to do.

If Brown has not paid the $500, and the plaintiff is entitled to it, he can recover the same from Brown.

Under these circumstances, no cause seems to have been set out in the complaint against the defendant, and the demurrer was rightly sustained.

The judgment appealed from must be affirmed, with costs.

DANIELS and BARRETT, JJ., concur.

NOTE ON "ACTION FOR MONEY HAD AND RECEIVED."

An action for money had and received is a common law action and in no respect a suit in equity. Chapman *v.* Forbes, 123 N. Y. 532. This is so, whether it depends upon a promise or agreement to pay the plaintiff the money in controversy, or is based upon the fact that the money came to defendant, from such source and under such circumstances that, in justness and equity, he ought to pay it over to the plaintiff. Id.

A person cannot recover money voluntarily used in paying the debts of a third party. Schlaefer *v.* Heiberger, 51 Hun, 644.

The demand for money received for a party's benefit must be made before the commencement of the action. Halsey *v.* T. N. Bank, 56 N. Y. Super. 7.

A party, who fails to apply or return money received for specific purpose, is liable to an action for money had and received. Darragh *v.* Ross, 55 Hun, 605.

Neither allegations nor proofs were held sufficient, in this case, to charge defendants with money had and received to and for plaintiff's use. Lathrop *v.* Ellsworth, 61 Hun, 623; Gutmann *v.* Rogers, 37 N. Y. St. Rep. 264.

Money had and received from a common agent is recoverable only when, in view of the amount similarly received by plaintiff, it is equitably due. Ackerman *v.* Cobb Line Co., 51 Hun, 310.

An action for the excess, where the agent of two principals has given to each notes belonging to the other, which both have taken innocently, will lie against the principal who has received the greater amount of such notes. Ackerman *v.* Cobb. L. Co., 125 N. Y. 361.

The omission of a cashier of a firm to make an entry of receipt of money in the account book is sufficient to cast upon him the burden of proving that the money actually came to the possession of firm. Shook *v.* Lyon, 16 Daly, 420.

The payment of an assessment for a local improvement, which is invalid by reason of defects in the proceedings of the common council on which it was based, is a payment under a mistake of law but not of facts. Pooley *v.* City of Buffalo, 122 N. Y. 592; 124 N. Y. 206. It will not sustain an action to recover back the amount so paid. Id. The rule is otherwise, *it seems*, when the facts, which render an assessment, apparently a lien upon the land, invalid for want of jurisdiction to make it, are *dehors* the record. Id. In such case, the person paying his assessment will be deemed to have done so involuntarily and may recover back the amount paid without first vacating the assessment. Id. The right to recover is not so limited, *it seems*, when the payment is compelled by coercion of law or unlawful exaction under process for the collection, valid on its face, of a void assessment. Id. The payment so made is not voluntary and may be recovered back. I.l.

A person cannot recover back the amount of an assessment paid voluntarily and without legal obligation. Vanderbeck *v.* City of Rochester, 122 N. Y. 285. This rule was applied to defeat an action by the doweress to recover back the amount of an assessment paid upon the husband's lands, where there was no evidence that his personal estate was insufficient for that purpose. Id.

To maintain an action to recover back moneys paid upon a void assessment, it must appear that the payment was in ignorance of the invalidity and through some legal coercion, or involuntary upon some coercion in fact to prevent the seizure of goods or the arrest of the person. Redmond *v.* Mayor, etc., 125 N. Y. 632; 26 Abb. N. C. 341. This rule extends to cases where assessments, without the impress of invalidity upon their face, are paid with even constructive knowledge of the facts which make them invalid. Id.

See further, Hoffman *v.* Mayor, etc., 36 N. Y. St. Rep. 442; Smyth *v.* Mayor, etc., 58 Supr. 357.

Paying a judgment with knowledge of extrinsic facts rendering it void, will, *it seems*, prevent recovering back the amount. Tripler *v.* Mayor, etc., 125 N. Y. 617; 26 Abb. N. C. 325.

An action to recover a sum paid the defendant to apply on a bond and mortgage, which he had failed to so apply, cannot be maintained in the absence of any equitable ground for recovery. Roberts *v.* Ellwood, 116 N. Y. 651.

Where a purchaser, who has been put on inquiry as to a claim on the property by notice that the claim is disputed, nevertheless makes a payment on the claim without making inquiry, he cannot recover it back as though paid under a mistake of fact. Emerson *v.* Loveland, 56 Hun, 644.

Where a third party held money belonging to plaintiff subject to her order and wrongfully delivered it to defendant, who had knowledge of the fact, an action for money had and received can, upon his refusal to pay, be maintained. Mason *v.* Pendergast, 120 N. Y. 536.

Where money is voluntarily paid under a claim of right and with a complete knowledge of all the facts, the law will not afterwards allow the act to be disaffirmed and the money to be recovered from the person so receiving it. Starr *v.* Starr, 54 Hun, 300. This rule was applied in the case of the payment to a widow of a share of gross rents, without deduction of taxes or other charges, under a claim on her part that she was entitled thereto. Id.

See further, Strough *v.* Super's, etc., 119 N. Y. 212; Place *v.* Hayward, 117 Id. 487; Cohen *v.* Hershfield, 30 N. Y. St. Rep. 436.

Where a person has notice that money or property is held by another in a fiduciary capacity and receives it without inquiry from the agent in satisfaction of a personal debt, the sum or property so received may be recovered, as money had and received, by the true owner, unless the agent was authorized to so dispose of it. Gerard *v.* McCormick, 130 N. Y. 261.

A recovery cannot be had for money had and received in an action founded on fraud. Boehm *v.* Miller, 45 N. Y. St. Rep. 281.