### Fox v. McComb.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

1. MONEY HAD AND RECEIVED — PAYMENT BY DEBTOR TO STRANGER — RECOVERY BY CREDITOR.

In an action by the receiver of an association for money alleged to have been received by defendant to the use of the association, it appeared that one C., who was a stockholder in the association, and owed a balance of $5,000 on his subscription, paid that amount to defendant. Defendant was not authorized to act for the association, and claimed that he received the money on his own account. Plaintiff introduced in evidence a release and bond of indemnity executed by defendant to C., reciting that whereas, C. had become a subscriber for stock in the association, "a

portion of which subscription has remained unpaid until the date of these presents, and has now been paid in full by the payment of the balance of said subscription to me, the receipt of which is hereby acknowledged," defendant would save C., among other things, from loss for such debt. Defendant, however, introduced the testimony of C. that he knew defendant was not a trustee or agent of the association, and did not intend to pay him the money as such, and that defendant expressly stated that he could not receive the money as agent of the association. *Held*, that defendant received the money on his own account, and not to the use of the association, and plaintiff could not recover it from him.

2. SAME.
     Where a third person receives on his own account and for his own use the amount of money due from a debtor to his creditor, and gives his personal guaranty to the debtor to save him from loss on account of the debt, and does not assume to receive the money for the creditor, the latter cannot recover it from him in an action for money received to its use.

3. PAROL EVIDENCE—COMPETENCY.
     A party to a contract in an action against him by a stranger thereto may introduce parol evidence to explain it after it has been put in evidence by plaintiff.

Exceptions from circuit court, New York county.

Action by Austin G. Fox, as receiver of the Cordova Apartment Association, against James J. McComb for moneys received to the use of the corporation. The complaint was dismissed, and plaintiff moves for a new trial on exceptions ordered to be heard in the first instance at general term. Denied.

For report of action against defendant and others, to recover subscriptions to stock, see 17 N. Y. Supp. 783.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Theall & Beam,* (*Albert Stickney,* of counsel,) for plaintiff. *Martin & Smith,* (*Geo. A. Strong,* of counsel,) for defendant.

O'BRIEN, J. This action is brought by the plaintiff as receiver of the Cordova Apartment Association for money received to the use of that corporation by the defendant. The facts upon which the plaintiff relies to support his cause of action are briefly and fully stated in the complaint as follows: That in the year 1882 one Clark, who had subscribed for one share of the capital stock of said corporation of the par value of $15,000, had paid $10,000 thereon, leaving due and owing by him thereon the sum of $5,000; that in December, 1883, the defendant, assuming to be authorized in that respect, and to be entitled to receive for and in favor of the Cordova Apartment Association the balance of said subscription due from the said Clark, received the $5,000 in cash money of and belonging to said corporation to the use of said corporation; that such payment was made by Clark to defendant as and for said balance so due upon his subscription, and as and in full for said share of said stock in said association, and was so accepted and received by the defendant. If the facts presented upon the trial had supported these allegations of the complaint, then, under the law, there would be no doubt as to the plaintiff's right to recover. The rule of law, as contended for by the plaintiff, is correct that, wherever a party has received the property of another, if it has taken in his hands the form of money, he is liable for that property in an action for money had and received, unless he establishes in himself a superior property right to that specific property. Especially is this the law if he has knowledge that the property is the property of that other party. In *Roberts* v. *Ely,* 113 N. Y. 131, 20 N. E. Rep. 606, the doctrine is thus formulated: "That money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same, to the person beneficially entitled. * * * No privity of contract between the parties is required, except that which results from the circumstances. The right on the one side, and the correlative duty on the other, create the necessary privity, and justify the implication of a promise by the defendant to do that which justice and equity

require." It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff.

The complaint, therefore, stated a good cause of action, which, under the rule of law referred to, would have entitled the plaintiff to recover, if he had sustained the allegations of his complaint. It will, however, appear upon an examination of the case that no fault is to be found with the plaintiff's complaint or law, but rather with the absence of the necessary facts and proof required to support the cause of action set forth in his complaint. There was no dispute as to the subscription for one share of stock by Clark, and the fact that he paid $10,000 thereon, and that there was due and owing by him to the association, at the time he made the payment of $5,000 to defendant, that exact amount. The question, however, presented by the denials in the answer was as to whether, when the $5,000 were paid to the defendant, he assumed to be authorized and entitled to receive the same for and on behalf of the association, and did receive in cash money of and belonging to said corporation, or whether, as contended by the defendant, he received it for his own use and benefit. If the former, under the rule the plaintiff should recover. If it was received by the defendant for his own use and benefit, there is no rule of law that would preclude him from so receiving it, and thereafter retaining it.

On the part of the plaintiff, for the purpose of characterizing the receipt of these moneys, two instruments, one a bond and the other a release, executed by Clark and McComb, were admitted in evidence, and upon this it is claimed that the plaintiff's theory was supported. If the defendant were compelled to stand or fall upon these papers alone, we are not prepared to say that they would not have presented such a state of facts as would have justified the court in inferring that the defendant undertook to act on behalf of the association, or a state of facts sufficiently strong, at least, to have justified, upon request, the submission of the questions of fact to the jury. Thus the recital of the bond reads as follows: "Whereas, the said Thomas G. Clark heretofore became the subscriber for one share of the capital stock of the Cordova Apartment Association, a portion of which subscription has remained unpaid until the date of these presents, and has now been paid in full by the payment of the balance of said subscription to me, the receipt of which is hereby acknowledged." A recital of this character would tend to establish the receipt by the defendant of a specific debt due the corporation, with knowledge on the defendant's part that he was so receiving it. Besides, we have the condition in the bond of the defendant to Clark that he would save him, among other things, from loss for this specific debt due to the corporation.

But these instruments may not be regarded as absolutely conclusive as to the plaintiff's right to recover as matter of law, because, having been drawn between McComb and Clark individually, and it being necessary to assume that both understood the language employed, the question would be presented whether there were not intended, as between these parties, to be an agreement by which McComb, in effect, asserting against Clark various claims, including the $5,000 unpaid on his subscription, requested payment to him instead of the association, giving him for his security the release and bond of indemnity. Moreover, the defendant was not compelled to stand on these papers alone. But in this action, brought between the plaintiff, who was a stranger to the written instruments, and the defendant, parol evidence was competent for the purpose of explaining which of the two views as to what was intended by these instruments was the correct one. Such evidence was elicited on the cross-examination of Clark. He testified that, being himself a trustee of the association, he knew that the defendant was not a trustee or officer of the association. Nor did he intend to pay him the $5,000, assuming

him to be such officer or trustee. But, on the contrary, he testified that the defendant stated that he could not receive the money as the agent of the association. Though it appears in one or two other places in the cross-examination, the circumstances under which the guaranty was given and the $5,000 paid are thus stated by the witness at folios 64 to 66: "I went to him, and I said: 'Mr. McComb, I don't want any litigation, and I am prepared to withdraw all my suits if you withdraw yours, and I give up, of course, what I have paid into these associations.' Mr. McComb said: 'No; I won't do that, but I will agree to a settlement in full if you pay me $5,000.' I said: 'Why should I pay $5,000?' He said: 'Because you owe me a good deal more than $5,000. There is this suit, your liability as trustee in the first instance, and there are loans, and $5,000 that you have never paid on your subscription.' I said: 'I will think that over.' I went, and I did think it over, and I came back, and I said to Mr. McComb: 'I will pay you this $5,000, provided you will give me a guaranty against everybody;' and he said he would. He said at that time: 'I can't act for the association, but I suppose you will take my guaranties;' and I said I would, and I took his guaranty."

The instruments referred to and the testimony of this witness comprise all the evidence in the case, and I have thus at some length referred to it, because in it is to be found a solution of the question contested by the parties here, as to whether the $5,000 was received for defendant's own use and benefit, or whether it was received by the defendant assuming to act on behalf of the association, as cash, money of and belonging to the corporation. As already said, if it had been paid to him as agent it would at once have become the money of the association. As we have seen, however, from the testimony, we think the learned judge was correct in holding that the proof showed that the defendant received the same for his own use and benefit.

There remains but another question to dispose of growing out of the plaintiff's claim, that, even though this may all be true, still the money received by defendant was the money of and belonging to the corporation. It is difficult, however, to see upon what theory this claim can be supported. Clark certainly never had any money of the association. He was, at most, a mere debtor to it, and the money paid by him to the defendant was his own money. If he chose to pay it to the defendant instead of to the association, he remained neither more nor less a debtor than before. He did not pay any debt previously due from him. The association had lost no right previously vested in it. If an action against Clark would have lain before the payment, it would afterwards. It is reasonably clear that if McComb was not and did not profess to be the agent of the association in receiving this money, if Clark did not profess or intend to pay it for the association, but for himself, if the money paid and received was Clark's money and not the money of the association, then this theory advanced by the plaintiff cannot be sustained. As we have already stated, the testimony does not go to the extent of upholding this theory of the plaintiff, but, on the contrary, fully supports the defense put forth by the defendant, that Clark in the payment of the money, and he in receiving the same, were acting and assuming to act, each on his own behalf. Under these circumstances, the question is presented whether a creditor can recover from a third party money which has been paid by the debtor to such third party instead of himself. The cases of *Patrick* v. *Metcalf*, 37 N. Y. 332; *Butterworth* v. *Gould*, 41 N. Y. 459; *Hathaway* v. *Homer*, 54 N. Y. 656; *Decker* v. *Saltzman*, 59 N. Y. 277; and *Peckham* v. *Van Wagenen*, 83 N. Y. 44,—are authorities for the proposition which has been well expressed by WOODRUFF, J., in *Butterworth* v. *Gould*, that where a defendant received money due to the plaintiff, he claiming it as his own under circumstances in which he has no authority from the plaintiff, and does not act under pretense of such authority, and the payment to him is

made in proposed recognition of his title thereto as his own, and does not operate to discharge the payer from his liability to the plaintiff, then, and in such case, there is no trust, and no implied promise to pay the money to the plaintiff. It is unnecessary for us to cite further authorities upon the law, which is well established, and about which, as we take it, the respective counsel do not differ. The contention between them relates to the facts, and, after an examination of the case, we are of opinion that the rule as laid down in *Butterworth* v. *Gould*, and the other cases cited, in line with this last decision, upon the facts of the case as presented, are controlling in favor of the view that the motion for a new trial herein should be denied, and judgment directed for defendant, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur in the result.