plaint.   This was opposed by the plaintiff, and .heard by another judge; and on the 23d of January, 1896, an order was entered amending the order of the 21st of December, by further ordering that the plaintiff deposit the pass book mentioned in the complaint with the clerk of the court, within six days after the service upon her attorney of a copy of the order, with notice of the entry thereof.   From that order the present appeal is taken.

It is difficult to see upon what theory or basis the court could amend an order made at a previous court, held by another judge, in the manner attempted to be done here.   No such relief appears to have been asked for by the original order, and the judge granting the original motion is made to decide a question which never was presented to him.   While it may be true that an order may be amended to conform to a decision, it is somewhat difficult to understand how an order can be amended so as to make the court rule upon a question which has never been presented to it.   We do not hereby mean to intimate that, even if an independent application had been made, it should have been granted.

We think the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.

---

### DUMOIS et al. v. HILL et al.

(Supreme Court, Appellate Division, First Department.   March 20, 1896.)

1. MONEY HAD AND RECEIVED—PAYMENT ON INVALID CLAIM.
    One who, in his own right, recovers money belonging to another, is not liable to an action by such other for money had and received.   32 N. Y. Supp. 164, affirmed.

2. PRINCIPAL AND AGENT—RATIFICATION OF AGENT'S ACTS.
    Where lessors recover from a third person for use and occupation of a part of leased premises during the term of the lease, the lessees cannot elect to treat the lessors as their agents for the collection of the damages, and ratify the collection, so as to entitle them to maintain an action against the lessors for the money collected.

Appeal from court of common pleas, special term.

Action by Hipolito Dumois and others against 'William Hill and others.   From an interlocutory judgment sustaining a demurrer to the first cause of action in the amended complaint, plaintiffs appeal. Affirmed.

Plaintiffs' first cause of action alleges that the defendants leased to the plaintiffs and other parties all their interest in the easterly half of pier 12, East river, and in the whole of pier 13, East river, together with all their rights of wharfage and cranage, and all other rights connected with the use of said piers, for a period of five years from January 1, 1891; that, previous to the execution of this lease, the city had unlawfully erected and maintained, upon the westerly half of pier 12, a nuisance, namely, a dumping board; that an action, brought by the lessors, was then pending to compel the city to remove this dumping board; and that the lease contained a covenant that nothing therein should prejudice or affect that suit.   The complaint then goes on to state that the plaintiffs are the successors in interest of all the other parties, who were originally lessees; that, since the execution of the lease, to wit, on January 6, 1894, the defendants, without the knowledge of the plaintiffs, commenced an action against the mayor, aldermen, and commonalty of

the city of New York to recover damages "for the use and occupation of the easterly half of said pier 12" by the street-cleaning department for the purpose of a dump, claiming that they were entitled to wharfage accruing from the easterly half of said pier 12, and to one-half of the wharfage accruing from the outermost end of said pier, and charging that the city had erected upon the westerly half of the said pier a dumping board, which diminished the wharfage which would otherwise have accrued to them, etc. It further avers that the complaint in said latter action alleged that the present defendants were entitled to the wharfage for the easterly half of said pier, whereas the present plaintiffs were so entitled from and after January 1, 1891, when their lease began; that this action was settled by a payment of $400 a month from May 1, 1885, to January 1, 1894, with interest on the payments from their respective dates, and on the whole sum from January 1, 1894; and that $14,400 of this amount, or the payments accruing from January 1, 1891, to January 1, 1894, represented damage suffered by the plaintiffs, and was paid to the defendants to and for their use. What became of the original suit referred to is not stated. The judgment demanded was $14,400, with interest on $400 from February 1, 1891, and from the first of each succeeding month during said period, and on the whole amount, with the interest already accrued, from January 1, 1894. This cause of action was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Henry W. Goodrich, for appellants.

Thomas G. Shearman, for respondents.

BARRETT, J.  We need add but little to the satisfactory opinion of Pryor, J., upon the demurrer to the original complaint.  32 N. Y. Supp. 164.  The present defendants, in their action against the city, claimed the damages in their own right.  The present plaintiffs say that these damages were clearly theirs.  But that does not help them.  If they were entitled to these damages, their rights were not affected by the payment to the defendants.  If they have a just claim against the city, they can still assert it.  The payment to the defendants was not to their (plaintiffs') use, but, as they insist, to the defendants' sole use, and therefore wrongful.  It is well settled, under such circumstances, that an action for the sum paid will not lie by the party really entitled to it against the party who recovered it in his own right.  Patrick v. Metcalf, 37 N. Y. 332; Butterworth v. Gould, 41 N. Y. 450; Rowe v. Bank, 51 N. Y. 674; Decker v. Saltzman, 59 N. Y. 275; Peckham v. Van Wagenen, 83 N. Y. 40; Sergeant v. Stryker, 32 Am. Dec. 404.

The plaintiffs now abandon the contention that this is an action for money had and received to their use.  They say that they elect to make the defendants their agents for the collection of their damages, and that they ratify said collection, although it was wrongful.  This they call an "action on the case."  It has none of the elements of such an action.  There is such a thing as affirming or disaffirming the unauthorized acts of one's agent; but there must first be an agency.  There is no such thing as creating an agency contrary to the fact by a process of election.  The pleader must have been thinking of the equity principle which sometimes converts a party into a trustee ex maleficio.  Here, however, there was no trust or agency, and there were no facts upon which any such relation could reason-

ably be asserted. As was said by Parker, J., in Patrick v. Metcalf, supra, "there is no ground for making the defendants trustees of the money for the plaintiffs"; still less, agents. The defendants claimed what in their view was their own. That claim was necessarily in hostility to any other claim to the same demand. The rights of the parties run upon different lines. These lines do not converge, either in law or fact.

It may be added that it is by no means certain that the plaintiffs were entitled to these damages. The complaint avers that the recovery against the city was for the use and occupation of the pier for the purpose of a dump, and for the consequential loss of wharfage. Whatever may have been the form of that action, it necessarily proceeded upon the diminution of rental value by reason of the nuisance. The nuisance was upon the property when the present plaintiffs leased it, and they undoubtedly paid less rent in consequence of its probable continuance. That being the case, the lessors were entitled to recover for such diminution in rental value. Kernochan v. Railroad Co., 128 N. Y. 559, 29 N. E. 65. The action in which the damages were recovered was substantially the same as that referred to in the lease. It may have been different in form, but it sought redress for the wrong done by the dumping board. Whether such redress was obtained in one form of action or another is unimportant. However the real damages, namely, the diminution in rental value, may have been asserted and recovered, whether such diminution was called "damages for loss of wharfage" or "damages for loss of wharfage rent," the practical result was the same. It follows that, if the claim was asserted and recovered because of the loss really sustained by the lessors, they were acting rightfully in their own behalf. Whether acting rightfully or wrongfully, however, the plaintiffs have lost nothing to which they were legally entitled, and their present action must fail.

The judgment appealed from must be affirmed, with costs. All concur.

---

### RIGGS v. BUCKLEY.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

PLEADING—BILL OF PARTICULARS—WHEN MAY BE REQUIRED.
  Where a defendant, in his answer, denied that the consideration named in an instrument executed by him, and under which plaintiff claimed as a transferee, was the true consideration, and alleged that the real consideration was insufficient in law to support the making or delivery of the instrument by him, and, further, that it was obtained from him by fraudulent representations, plaintiff is entitled to a bill of particulars of the claimed consideration, and also of the alleged fraudulent representations.

Appeal from special term, New York county.

Action by Ada B. Riggs against William F. Buckley to recover on an assignment of an interest in an award, alleged to have been executed by defendant to another, and to have been transferred through others to plaintiff. An order was made requiring defendant to fur-