(37 Misc. Rep. 614.)

DUMOIS et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   April, 1902.)

1. LEASE—CONSTRUCTION—DAMAGES FOR NUISANCE.

   The lessors of half of a pier, on the other half of which the city of New York maintained a temporary structure as a dumping board, had a suit pending against the city to compel the removal of such dumping board, as a nuisance. They leased their half of the pier to plaintiff, with a covenant that the lease should not affect any pending suit or demand which the lessors had against the city for its use "heretofore" of the other half of the pier by the street-cleaning department. *Held*, not a reservation of any damages which might be suffered by them thereafter from the nuisance, and that the lessees were entitled to recover of the city damages for the nuisance so long as it maintained the

dumping board during their occupation, though it had paid the lessors
damages for the nuisance during the same period.

**2. SAME—RES JUDICATA.**

The fact that the lessees had sought to recover damages for such nui-
sance against the lessors, and had been defeated, was no defense to their
action against the city.

**8. SAME—FAILURE TO RECORD—NOTICE.**

Where lessees were in open and notorious possession of property, the
fact that their lease was not recorded was no bar to an action by them
against persons maintaining a nuisance in the neighborhood, who had
settled with the lessors for the damages.

**4. PAROL EVIDENCE.**

Parol evidence is admissible to vary the terms of a written contract
where the suit is not between the parties to the contract.

Action by Hipolito Dumois and others against the mayor, aldermen,
and commonalty of the city of New York. Judgment for plaintiffs.

Goodrich, Deady & Goodrich (Edward B. Whitney, of counsel),
for plaintiffs.

Geo. L. Rives, Corp. Counsel (Charles Blandy, of counsel), for
defendant.

FITZGERALD, J. The plaintiffs, for themselves, and as assignees
of other lessees, seek to recover damages for a nuisance formerly
maintained by the defendant upon the westerly half of Pier 12, East
river. The defendant is the possessor of the right to collect wharfage
from the westerly half of this pier, together with the right, in common
with other owners, of the use of the surface of the pier. Plaintiffs'
lessors were the possessors of similar rights on the easterly side of
Pier 12. They were also, in the same sense, the owners of Pier 13,
and of the bulkhead between the two piers, and leased their interest
in all of these premises to plaintiffs for a term of five years, com-
mencing January 1, 1891. Nine years prior to that date defendant
had erected upon its half of Pier 12 a dumping board for the use of
the street-cleaning department in disposing of garbage and other refuse
by loading same upon scows for transportation to sea. A suit for
injunctive relief, claiming that the dump constituted a nuisance, was
brought by one of plaintiffs' lessors (William Hill) in November,
1889; and that action was about being reached upon the day calendar
of this court for trial at the time of the execution of plaintiffs' lease,
but for some reason the trial was adjourned until the June following,
when the complaint was dismissed by the special term. 15 N. Y.
Supp. 393. This dismissal was affirmed at general term (18 N. Y.
Supp. 399), but in October, 1893, the court of appeals reversed this
judgment. Hill v. Mayor, etc., 139 N. Y. 495, 34 N. E. 1090. After
the decision of the court of appeals, plaintiffs' lessors, in January,
1894, brought an action against the defendant for damages sustained
by reason of the maintenance of the nuisance during all of these years.
An offer of judgment was made within three days from the com-
mencement of that action, and judgment thereon was finally entered
on the 11th January, 1894, for $5,233.01. Plaintiffs thereupon sued
their lessors (Hill and others) to recover from them the proportion
of these damages so collected, to which they claimed they were

entitled by reason of the maintenance of the nuisance during the term of their lease.   Plaintiffs were defeated in that action, and now seek to hold this defendant for damages to the enjoyment of the use and occupancy of the property affected by the nuisance from January, 1891, to January, 1894, notwithstanding the fact that settlement for the same period has been already made with their lessors.  .It is urged that the plaintiffs, having taken the lease with the knowledge that the nuisance complained of existed then and for a long time prior thereto, will be presumed to have obtained a proper allowance in the amount of the rent reserved for the annoyance; and it was suggested that, in practically this very case, such a presumption might be properly invoked.   Dumois v. Hill, 2 App. Div. 525, 37 N. Y. Supp. 1093.   So that the burden of overcoming this presumption confronts the plaintiffs upon the very threshold of their case.   By a clause of the lease it is provided that nothing therein contained "shall affect any pending suit, demand, or claim which the said parties of the first part, or any of them, own, hold, or claim to have against the city of New York prior to the execution of this lease by reason of the use and occupation heretofore of the westerly half of said Pier 12 by the street-cleaning department."   This clause clearly indicated the pending injunction suit, and the fair interpretation to be put upon the word "heretofore," as used therein, is that it was not intended to reserve the right to damages suffered thereafter.   This instrument having been prepared by the lessors, its construction, even when doubt might exist, should be favorable to the lessees.   Herrman v. Insurance Co., 81 N. Y. 185, 37 Am. Rep. 488; Blackman v. Striker, 142 N. Y. 555, 37 N. E. 484.   It might be claimed with some force that this agreement between the parties establishes the fact that damages subsequent to plaintiffs' possession under the lease were in contemplation between them during the preliminary negotiations, and were expressly waived by the lessors.   It would be difficult, in view of the clear meaning of the words employed, to construe the written instrument differently; but when, in addition thereto, the extrinsic facts are considered, this difficulty becomes insurmountable.   At that time it certainly might be reasonably assumed from its position on the calendar that the injunction suit would be speedily reached, and in this connection the readily removable nature of the structure must be kept in view.   It consisted entirely of wood, and was erected in less than two days.   Additionally, there is the testimony of the conversation had between the representative of the lessors (Mr. Stevens) and Mr. Dumois.   Mr. Stevens stated that the dump would be removed in 15 days or a month.   It is insisted, however, that evidence of this conversation was inadmissible, under the well-established rule that parol evidence is inadmissible to vary the terms of a written contract. The conversation in no sense tends to vary the writing, but, if it did, the rule relied on could not be invoked, because it only applies to suits between the parties to the written instrument.   McMaster v. Insurance Co., 55 N. Y. 222, 14 Am. Rep. 239.   In determining to whom damages belong,—the lessor or the lessee,—the circumstances to be considered are "the situation at the time the lease was executed, the terms of the instrument, and the intention of the parties

thereto." Kernochan v. Railroad Co., 128 N. Y. 565, 29 N. E. 65. In Bly v. Illuminating Co., 54 App. Div. 427, 66 N. Y. Supp. 737, the lease having been renewed after the erection of defendant's power house, it was held that damages, if any, for nuisance, were recoverable only in an action by the owner. This decision rests upon the presumption, before referred to, that proper allowance for the annoyance was made in the rent reserved by the lease, which presumption, in the absence of evidence to the contrary, is conclusive. I have mentioned already some of the facts relied upon to rebut the presumption in the present instance, and may add that an electric power house, with its large and expensive plant, involves a structure of a permanent and costly character, very different from the cheap framework of a temporary dumping board. The settlement with plaintiffs' lessors is no bar to plaintiffs' claim. If entitled to damages, their rights were not affected by the payment to their lessors. Dumois v. Hill, supra. Nor was there any election of remedies. To seek a remedy against the wrong person does not deprive a plaintiff of his remedy against the right party. McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1047. Neither does the fact that the lease was not recorded relieve the defendant from liability by reason of its settlement with lessors, because plaintiffs were in open and notorious possession, and such possession was sufficient notice to put it upon inquiry. Brown v. Volkening, 64 N. Y. 76; Phelan v. Brady, 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211.

Plaintiffs are entitled to recover at the rate of $266.66 per month from January, 1891, to March, 1893, and thereafter at the rate of $400 per month. Submit decision and judgment upon notice. Judgment accordingly.